CRUM *vs.* WILLIAMS, ADM'R, &C.

[TROVER BY ADMINISTRATOR AGAINST BAILEE OF WIDOW FOR CONVERSION OF SLAVE.]

1. *Widow's title to possession of chattels of intestate husband.*—When the husband dies intestate, and his widow remains in possession of his personal chattels, her right to their possession, until administration is granted on his estate, against every one but the rightful administrator, is maintainable upon a principle analogous to that which enables the finder of lost property to maintain trover for it against every one but the real owner.

2. *General charge on evidence, when calculated to mislead jury.*—The court may properly refuse to charge the jury, at the request of either party, that if they believe the evidence they must find for him, unless the facts proved of themselves, independent of any inference which the jury might have drawn from them, entitled him to a verdict.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. NAT. COOK.

THIS action was brought by the administrator of John J. Funchess, deceased, against Samuel D. Crum, to recover damages for the defendant's conversion of a slave belonging to the estate of plaintiff's intestate. The pleas were, not guilty, and the statute of limitations of six years. The plaintiff's intestate died in 1835, but no administration was granted on his estate until 1852. Mrs. Funchess, who appears to have been the widow of the intestate, hired the slave to the defendant in 1837; and on the expiration of the

term of hiring, the slave was returned to her, and died in her possession. These are the material facts disclosed by the bill of exceptions, which purports to set out all the evidence ; but it is not shown that Mrs. Funchess, from whom the defendant hired the slave, was the widow of the plaintiff's intestate.

The defendant requested the following charges to the jury:

"1. That if they found all the evidence to be true, they must find for the defendant."

"2. That if they found that the defendant hired the slave from Mrs. Funchess for the year 1837, without any knowledge that said slave was at the time the property of the estate of Funchess ; that he made the contract at the request of Mrs. Funchess, and for her accommodation ; that he returned the slave to her, at the end of the year, in as good or better condition than when he received her, having treated her well ; that he paid Mrs. Funchess reasonable hire for the slave, still knowing nothing of any adverse claim to the property, and not knowing that the slave belonged to the intestate's estate; and that there was no administration on the estate until 1852,—then they must find for the defendant."

The court refused both these charges, and the defendant excepted to each refusal ; and he now assigns these matters as error.

WATTS, JUDGE & JACKSON, for the appellant.

THOS. WILLIAMS, *contra.*

RICE, C. J.—When a husband, in possession of personal chattels, dies intestate, and his widow remains in possession of them, her right to their possession until administration is granted on his estate, against every one but the rightful administrator, is maintainable "upon a principle analogous to that which enables the finder of lost property to maintain trover for it against every one but the real owner."—Brown v. Beason, 24 Ala. R. 467; Williams v. Crum, 27 Ala. R. 468.

But that principle has no application to the state of facts presented by the bill of exceptions now before us ; for it does not appear among those facts, that the "Mrs. Funchess," from whom Crum hired the slave for the year 1837, was *the*

*widow* of the appellee's intestate, nor that she was the person who first acquired or appropriated the possession of the slave rendered vacant by the death of the intestate. The charges assume it to be a conclusion of law from the facts stated by the witnesses, independent of any inference which the jury might have been authorized to draw from those facts, that the defendant was entitled to the verdict. They also assume, that the defendant was entitled to the verdict without proof that the Mrs. Funchess mentioned in the testimony was the widow of appellee's intestate, or that she was the first person who appropriated the possession of the slave rendered vacant by the death of the intestate ; and if they had been given, they would have authorized the jury to find for him, although they might not have believed that any such fact or facts existed. In these respects, these charges as asked were objectionable. There was, therefore, no error in refusing them ; and the judgment of the court below is affirmed.