# Mack *v.* The State.

## *Indictment for Obtaining Property under False Pretenses.*

1. . *Intent to injure or defraud; averment and proof of.*—Under an indictment for obtaining money or chattels by false pretenses (Code, § 4370), an intent to injure or defraud must be alleged and proved ; but it is not necessary to aver the name of the person intended to be injured or defrauded, and it is sufficient to prove an intent to injure or defraud the owner, or any person having the possession and custody of the money or chattels.

2. *Same ; widow's interest in goods of deceased husband's estate, before administration granted.*—The widow has such an interest in the personal chattels belonging to the estate of her deceased husband, before letters of administration have been granted on the estate, that a conviction may be had under the statute against any one who, by any false pretense, obtains possession of them from a bailee, with intent to injure or defraud her.

3. *Relevancy of evidence showing use by defendant of goods or chattels; presumption in favor of ruling of court.*—The use to which the chattels or goods are applied by the defendant, *after* obtaining them by the alleged false pretense, showing a conversion, or attempted conversion to his own use, is competent evidence against him, as tending to prove an intent to injure or defraud the owner ; and if the bill of exceptions leaves it doubtful whether this was before or after he had obtained them by the false pretense charged, this court will indulge the presumption which will support the ruling of the primary court.

FROM the Circuit Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this charged, that the defendant, John Mack, "falsely pretended to Ebenezer Smith, with the intent to defraud, that he, the said John Mack, had been sent by Ella Mack to him, the said Ebenezer Smith, to get a violin, tenor horn, and a B-flat horn, for the said Ella Mack ; and, by means of such false pretense, obtained from the said Ebenezer Smith one violin, one tenor horn, and one B-flat horn, of the value of ten dollars ; against the peace," &c.   "On the trial," as the bill of exceptions states, "the State introduced Ella Mack as a witness, who testified, that she was the widow of Jim Mack, brother of the defendant, who lately died, owning a set of musical instruments, among which were the instruments named in the indictment, which were in the custody of Smith ; that she never told the defendant to go to Smith and get them, and never authorized him to get them for her from Smith.   She further testified, that she had never obtained or applied for letters of administration on the estate of her said deceased husband, who was the owner of said instruments in his life-time.   The State then intro-

duced one Smith as a witness, who testified, that he knew Jim Mack in his life-time, and that he was the owner of a set of musical instruments, among which were those mentioned in the indictment; that Jim Mack asked him (witness), during his last illness, to get up his instruments, and to keep them for his wife, and directed him to give them to her ; that in getting them up he found one of them at the store of A. J. Skinner in Selma ; that the defendant came to him, and told him that Ella Mack, his sister-in-law, had sent him to witness for the instruments ; that he thereupon delivered the instruments to said defendant, among them being the instruments named in the indictment; that he would not have given them to him, but for the belief that Ella Mack had sent him for them ; and that this occurred in said county of Dallas, and within twelve months before the finding of the indictment. The State then introduced A. J. Skinner as a witness, who testified, that the instrument found by Smith at his store had been left there in pawn by the defendant for some goods bought by him, and that defendant paid for them and got the instrument. To all of which testimony, and to each part, the defendant excepted, and asked the court to exclude it from the jury; which objections the court overruled, and the defendant excepted.

"This being all the evidence introduced, necessary to a fair understanding of the points raised by the defendant, the court then charged the jury ; which charge was not objected to by the defendant. The defendant then asked the court to give the following charge, which was in writing : 'Before the jury can convict the defendant under the indictment, they must believe that he not only got the instruments without the consent of Ella Mack, but with the intent to defraud her ; and that before he could defraud her, she must be shown to be the legal owner of them, and this she could not be without having been first appointed administratrix of the estate of the deceased owner.' The court then refused to give this charge, and the defendant excepted to its refusal."

Sumter Lea, for the defendant.

H. C. Tompkins, Attorney General, for the State.

STONE, J.—The present indictment was found under section 4370 of the Code of 1876, which declares, that "any person who, by any false pretense or token, and with the intent to injure or defraud, obtains from another any money, or other personal property, must, on conviction, be punished as if he had stolen it." The form of indictment in such case is

found on page 996 of the Code, form 48. The pretense charged in the present case is, that the accused falsely pretended to Ebenezer Smith that he had been sent by Ella Mack for certain personal chattels, then in the possession of the former, but held by him for the said Ella. Under this pretense, he obtained possession of the chattels. To constitute this statutory crime, there must be a pretense, by declaration or otherwise, that some fact or facts exist, tending to induce another to part with something valuable, and upon the strength of which pretense or representation the possession of the valuable thing is parted with. The accomplished fraud must have reasonable connection with the pretense (Bish. Stat. Crimes, § 452); and the pretense must be shown to be false, and made with intent to injure or defraud. Defraud whom? The statute does not in terms inform us. Usually, the intent is to defraud the owner of the thing obtained; but it is sufficient if the intent be to defraud any one, connected with the ownership, possession, or custody of the chattel. Possession gives a special property, which the law regards, and will protect against any claimant, except the rightful owner. So, in this case, if Smith held the chattels for Ella Mack, or for the estate of her husband, and if he surrendered the possession to one not authorized to receive it, this would render him liable to account for its value, as for a conversion.—*Nelson v. Beck*, 54 Ala. 329. The testimony in this case tends to show that Smith's possession was that of Ella Mack, and that he held simply for her, and not in his own right. Under our statutes, the widow has a valuable and clearly defined interest in her husband's estate, and in its preservation. The alleged false pretense charged proceeds on the theory, that the instruments belonged to Ella Mack, or were subject to her control; for the testimony tends to show that the accused, when he obtained them from Smith, stated that Ella Mack had sent him for them. The intent to injure or defraud either Smith or Ella Mack, may have existed in the mind of the accused; and either one, if shown to exist, would make out that feature of the case. Either one owned sufficient property or interest in the chattels, if the testimony be believed, to be the subject of such intent.— *Crum v. Williams*, 29 Ala. 446 ; *Williams v. Crum*, 27 Ala. 468 ; *Brown v. Beason*, 24 Ala. 466. But, the intent to injure or defraud must be shown, or the offense is not complete.— *O'Connor v. The State*, 30 Ala. 9. This, however, need not necessarily be shown by independent testimony. It may be inferred from the character of the representation or pretense, its known falsity, and the attendant circumstances, if sufficient to convince the jury, beyond a reasona-

ble doubt, that there was an intent to injure or defraud. *People v. Herrick*, 13 Wend. 87; 2 Bish. Cr. Proc. § 174.

The charge asked by defendant was rightly refused. It was not indispensably necessary, as we have shown, that there should have been an administration on the estate of the deceased Mack. The intent to defraud may have existed without that. To hold otherwise, would be to leave estates of decedents, before administration granted, at the mercy of the vicious.

On the other question, the bill of exceptions is obscure ; namely, whether the transaction deposed to by Skinner occurred before or after the musical instruments were obtained by the accused from Smith. We have carefully considered its recitals, and cannot answer this question to our satisfaction. If it occurred before, then it was irrelevant to the issue presented by the indictment, and should not have been received. It was calculated to prejudice the jury, by the consideration of an act of impropriety, having no connection whatever with the offense charged. On the other hand, if it occurred after he had obtained the instruments from Smith, then the testimony was legal. It tended to show an assertion of ownership by the accused, and to repel all idea that he obtained them for the use and benefit of Ella Mack. In other words, its tendency was to show an intent to injure or defraud the rightful owner, by converting the chattels to his own use. Under a well-defined rule, we are bound to indulge every reasonable intendment in favor of the correct ruling of the Circuit Court. We cannot presume error. It must be affirmatively shown.—1 Brick. Dig. 781.

The judgment is affirmed.