## Commonwealth v. Johnson.

(Decided January 13, 1916.)

### Appeal from Bell Circuit Court.

1. False Pretenses—Element of Offense.—Under section 1208 of the Kentucky Statutes, which makes it a felony for any person by any false pretense, statement or token, with intention to commit a fraud, to obtain money or other property from another, the gist of the offense is the successful misrepresentation, regardless of the person to whom it was made.
2. False Pretenses—Element of Offense.—Under section 1208 of the Kentucky Statutes, which makes it a felony for any person by any false pretense, statement or token, with intention to commit a fraud, to obtain money or property from another, an offense is committed where the false representation is made to one, and money or property is thereby obtained from another.

JAMES GARNETT, Attorney General; D. O. MYATT and J. G. FORRESTER for appellant.

JACKSON MORRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—. Reversing.

The grand jury of Bell county returned an indictment charging the appellee with the crime of unlawfully obtaining money from one person by false pretenses, with the intent to perpetrate a fraud upon a third person.

Omitting the formal parts, the indictment reads as follows:

"The said Bob Johnson on the 8th day of October, 1914, and before the finding of this indictment and in the county and State aforesaid, did unlawfully, wilfully and with the felonious intent to perpetrate a fraud on Bascom Saylor, state, pretend and represent to the Knabb and Shank Company, that he had not given an order or transferred to another person, the amount said company owed him for work, and did collect from said company $10.00 and other sums of money, when at the time he knew he had sold said time and the money due therefor to Bascom Saylor, and received from said Saylor the pay therefor, and said statements were false and said Knapp and Shank Company relied on said statements and paid him said money, which it would not have done otherwise.

"Said statements were made with the intent to defraud said Bascom Saylor, which was done by said false statements."

This indictment was found under section 1208 of the Kentucky Statutes, which provides, in part, as follows:

"If any person by any false pretense, statement or token, with intention to commit a fraud, obtain from another money, property, or other thing which may be the subject of larceny  *  *  *  he shall be confined in the penitentiary not less than one nor more than five years."

The circuit court sustained a demurrer to the indictment, and the Commonwealth appeals.

It will be observed that the indictment charges appellant with having made the false statement to his employers, the Knabb and Shank Company, with the intent to defraud Bascom Saylor, to whom appellant had assigned his wages, and that the Knabb and Shank Company relied on said false statement and paid Johnson his wages, which operated as a fraud upon Saylor.

The appellee contends that the indictment is defective because it fails to charge that he made a false statement to Saylor, the prosecutor in this case; and that it is insufficient to charge appellee with the crime denounced

by the statute, by alleging that the false representation was made to the Knabb and Shank Company, which has not been defrauded in any way. In other words, appellee insists that the false representation must be made to the party defrauded, and that he must have relied upon it, to his injury; that it is no offense if the representation is made to one person and the money is obtained from a different person.

The Knabb and Shank Company having paid the money to Johnson without notice of the assignment to Saylor, that company has, in no way, been prejudiced. The payment was a valid one so far as the company was concerned.

So, the case reduces itself to this proposition: Is it a crime under the statute, when a false representation is made to one, and money or property is thereby obtained from another?

An examination of the question shows it has often been decided.

In Commonwealth v. Call, 21 Pick., 515, decided in 1839, the defendant was indicted under the Massachusetts statute for obtaining money on false pretenses under the following circumstances: Parker owed White and Sargent $11.63, and Call falsely pretended and represented himself to Parker as being the authorized collector of White and Sargent, and that they had sent him to collect and receive the money due them from Parker, and that Parker, believing the false representation, paid Call the $11.63 which he owed to White and Sargent.

The indictment charged Call with having defrauded White and Sargent of their money by means of the fraudulent representation to Parker. The Massachusetts statute under which the indictment was found provided, like ours, that if any person should designedly, by any false pretense, and with intent to defraud, obtain from another person, any money, goods, wares, merchandise, or other property, he should be punished, &c.

In affirming a conviction, the Supreme Judicial Court of Massachusetts said:

"The objection to the indictment is, that it alleges an intent to defraud one person, and that false pretenses were practiced upon another; that one man was deceived, and his money obtained, and another defrauded. The facts reported clearly show that these allegations are the only ones which would meet the proof,

and that if this indictment cannot be sustained, a gross fraud may be practiced within the words of the statute, and yet not be liable to punishment under it. A combination of facts has here occurred, and may occur again, where a deception has been practiced upon one person, and his property obtained, and the loss has fallen upon another, the intention being to defraud him. This is clearly within the mischief intended to be guarded against, and, we have no doubt, within the effective prohibition of the statute.''

Again, in State v. Scott, 48 Mo., 422, decided in 1871, Scott was indicted under the statute for falsely pretending to Conn that Scott's check on a New York bank for $150.00 was a good, genuine, and available order for the payment of $150.00, and that Scott kept an account with said bank, and he had money therein for the payment of the check; that Conn thereupon endorsed the check, and that said endorsement was procured by Scott with the intent to cheat and defraud.

The Missouri statute upon the subject provided that ''every person who, with intent to cheat or defraud another, shall designedly, by color of any false token or writing, or by any other false pretense, obtain the signature of any person to any written instrument, * * * shall, upon conviction thereof, be punished in the same manner and to the same extent as for feloniously stealing the money, or property, or thing so obtained.''

In sustaining the conviction, the Supreme Court of Missouri said:

''It was not necessary to allege in the indictment that the defendant used the false pretenses or obtained the signature of Conn with the specific intention of cheating or defrauding any particular person or body. The statute has enacted a rule at war with any such assumption. It declares that it shall be sufficient in any indictment for an offense, where an intent to injure, cheat or defraud shall be necessary to constitute the offense, to allege that the defendant did the act with such intent, without alleging the intent of the defendant to be to injure, cheat or defraud any particular person; and on the trial of such offense it shall not be necessary to prove an intent on the part of the defendant to injure, cheat or defraud any particular person, but it shall be sufficient to prove that the defendant did the act charged with an intent to injure, cheat and defraud.''

In Mack v. The State, 63 Ala., 138, decided in 1879, John Mack was indicted under section 4370 of the Alabama code of 1876, which declared that "any person who, by any false pretense or token, and with the intent to injure or defraud, obtains from another any money, or other personal property, must, on conviction, be punished as if he had stolen it." The pretense charged against John Mack was that he falsely pretended to Smith that he had been sent by Ella Mack for certain musical instruments then in the possession of Smith, but held by him for said Ella, and that under this pretense John Mack obtained possession of the instruments, thereby defrauding Ella Mack. It will be noticed that the false representation was made to Smith, but to the prejudice of Ella Mack.

In sustaining the conviction under these facts, the Supreme Court of Alabama said:

"To constitute this statutory crime there must be a pretense, by declaration or otherwise, that some fact or facts exist, tending to induce another to part with something valuable, and upon the strength of which pretense or representation the possession of the valuable thing is parted with. The accomplished fraud must have reasonable connection with the pretense (Bish. Stat. Crimes, sec. 452); and the pretense must be shown to be false, and made with intent to injure or defraud. Defraud whom? The statute does not in terms inform us. Usually, the intent is to defraud the owner of the thing obtained; but it is sufficient if the intent be to defraud any one connected with the ownership, possession or custody of the chattel."

In State v. Hargrave, 103 N. C., 328, decided in 1889, Hargrave assigned his claim for witness fees against the county to Clodfelter in exchange for goods. Clodfelter filed the assignment with Kinney, the county officer authorized to pay the claim; but, the assignment having been mislaid, Hargrave collected his witness fees, thereby defrauding Clodfelter. The indictment charged Hargrave with having defrauded Clodfelter by falsely pretending to Kinney that he was the owner and entitled to the money due upon his witness claim, and that he thereby obtained the money from Kinney, and defrauded Clodfelter.

The trial court instructed the jury that if it believed beyond a reasonable doubt that Hargrave fraudulently,

designedly., knowingly and falsely represented to Kin-ney that he had not assigned his claim to Clodfelter, and that he was the owner of the order, when in truth and in fact he was not, and that by reason thereof he obtained the money from Kinney, he was guilty.

Upon appeal the Supreme Court of North Carolina approved this instruction, holding that the making of a false representation to one person so as to defraud another, constituted an indictable offense under the statute.

To the same effect see Bishop's New Criminal Procedure (2 Ed.), vol. 3, section 174.

In Schayer v. The People, 5 Colo. App., 75, decided in 1894, the Colorado statute provided that. "if any person shall cause or procure others to report falsely of his honesty, wealth or mercantile character, and by thus imposing on any person or persons, obtain credit, and thereby fraudulently · get into possession of goods, wares, merchandise, or any valuable thing, every such offender shall be deemed a swindler, and on conviction" shall be punished, &c.

Under this statute Schayer was convicted of fraudulently obtaining possession of the goods of Bockfinger by means of a false report of his wealth and mercantile character, which he caused to be made to Bockfinger by the mercantile agency of R. G. Dun & Co.

The court reversed a judgment convicting Schayer because of a variance between the allegations of the indictment and the proof; but, in doing so, it construed the statute, as follows:

"To constitute the offense defined by the statute, it is not necessary that an intention to defraud any particular person or persons should exist. If the false report which has been procured results in defrauding any person of his property, the offense is complete whether the offender had such person in his mind or not; and an indictment setting forth that the person charged caused others to report falsely of his honesty, wealth or mercantile character, and that by means of the report some person or persons, naming them, were imposed upon so that they extended credit to the offender and he thereby fraudulently obtained possession of their property, would contain substantially all the facts necessary to constitute the offense under the statute."

And, in State v. Bourne, 86 Minn., 432, decided in 1902, it was held that where an indictment for larceny for obtaining money through false pretenses, charged that the intent was to defraud a particular person, it was not a variance if the proof showed that some other person than the one specified in the indictment was defrauded.

In 19 Cyc., 415, the rule deduced from the authorities is stated as follows:

"The intent to defraud need not be directed against the legal owner; it is sufficient if it be directed against any one in lawful possession of the goods, or who parts with property in reliance thereon. Nor, need the intent be to cause ultimate loss to prosecutor, since prosecutor is defrauded by the mere obtaining of his property by a false pretense, although he may suffer an ultimate loss, an intent to cause actual loss is not necessary."

We have not overlooked the case of Moulden v. The State, 5 Lea (Tenn.), 577, which seems to be at variance with the otherwise uniform line of authorities above cited. The opinion in the Moulden case, however, is not more than two pages in length, and does not attempt to argue the question, and does not refer to any of the cases above cited.

It will be observed that our statute is very broad in its terms; it does not require that the false statement or representation must be made to the party defrauded. On the contrary, it says if any person by any false pretense or statement, with the intention to commit a fraud, obtain money, he is guilty. The statute does not require that the false statement should be made to any particular person, or that it should be with the intention of committing a fraud upon the person to whom the false statement was made. The offense is committed when the false statement is made, with the intention to commit a fraud, and money or property is thereby obtained.

The indictment need not charge that the person to whom the false pretense was made sustained any loss. Commonwealth v. Ferguson, 135 Ky., 34, 24 L. R. A. (N. S.), 1101.

The purpose of the statute is to punish the perpetrators of fraud committed through any false pretense. The gist of the offense is the successful misrepresentation, regardless of the person to whom it was made. 19 Cyc., 404.

The indictment satisfies this construction of the statute.

Judgment reversed, with instructions to overrule the demurrer to the indictment, and for further proceedings.