Argued January 17, affirmed February 4, 1975

# STATE OF OREGON (No. C74-06-1689 Cr),
*Respondent, v.* JEROME L. IVORY, *Appellant.*

531 P2d 293

*Michael E. Kohlhoff,* Portland, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FORT, J.

Defendant was convicted by the circuit court of robbery in the third degree. ORS 164.395(1). He appeals from the resulting judgment, asserting as error the denial of his motion to dismiss the indictment because of lack of a speedy trial which he made prior to the entry of plea.

The facts are not in dispute and are set forth in the trial court's order denying the motion as follows:

"* * * * *

"Having heard the statements of respective counsel and being fully advised in the premises, the court judicially notices the following matters:

"1. On June 10, 1974, the Juvenile Department

of this court remanded defendant to the criminal department on the charge of Robbery in the Second Degree allegedly occurring on or about May 15, 1974.

"2. On June 10, 1974, an Information of Felony charging Robbery in the Second Degree was filed in District Court.

"3. On June 11, 1974, defendant signed a release agreement in the District Court, which remains in force to the present date, releasing defendant on his own recognizance.

"4. On June 12, 1974, the District Court appointed attorney Douglas S. Green, office of the Public Defender, to represent defendant and set a preliminary hearing for June 27, 1974, at 9:30 a.m.

"5. On June 27, 1974, defendant was bound over by the District Court to await action by the Grand Jury.

"6. On August 5, 1974, defendant's motion to dismiss the Information of Felony was granted for failure to indict within thirty days pursuant to ORS 135.745, the State having made no showing in opposition to said motion.

"7. On August 7, 1974, defendant was indicted for Robbery in the Second Degree and was recogged on the indictment.

"8. Thereafter defendant filed a motion to dismiss on grounds that the indictment was returned more than thirty days after bindover and also cited certain sections of the United States and Oregon Constitutions in support thereof; and in the alternative moved for an order requiring the State to show good cause for the delay in the return of the indictment.

"9. Neither party offered any evidence upon the hearing of the motion to dismiss * * *

"* * * * * *"

Defendant contends that as a matter of law the delay of 41 days between bindover on June 27, 1974, and return of the indictment by the grand jury on August 7, 1974, denied him his right to a speedy trial guaranteed by Oregon Constitution, Art I, § 10 and U.S. Const. Amend. VI, and also was in violation of ORS 135.745. Accordingly, he concludes that as a matter of law it was error to deny his motion to dismiss the indictment.

■ ORS 135.745, formerly ORS 134.110, now provides:

"When a person has been held to answer for a crime, if an indictment is not found against him within 30 days or the district attorney does not file an information in circuit court within 30 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

Thus, the indictment here was returned 11 days after the 30-day period provided in that statute had expired. There is no claim of actual prejudice resulting therefrom.

In *State v. Sutton,* 223 Or 570, 355 P2d 247 (1960), the Supreme Court considered the statute at length and pointed out:

"The effect of a dismissal of the charge under ORS 134.110 is controlled by ORS 134.140 which provides that a dismissal 'is a bar to another prosecution for the same crime if the crime is a misdemeanor; but is not a bar if the crime charged is a felony.' [223 Or at 572.]

"* * * * *

"ORS 134.110 is designed to insure that a person charged with crime is properly indicted, but is not designed to bar the ultimate prosecution of a

person charged with a felony. If the delay in the return of the indictment in this case was without good cause, a motion to dismiss by defendant, if presented prior to indictment, would have gained his release from custody until an indictment was found. If the defendant had been admitted to bail, the motion to dismiss would have resulted in the exoneration of his bail until indictment was found. ORS 134.110 gave Sutton the right, after the expiration of 60 days, to demand his indictment or release from custody. Once a felony indictment is found, the purpose of the statute is accomplished. [223 Or at 575.]"

In *State v. Wilson,* 230 Or 251, 369 P2d 739 (1962), the court, on similar facts, adhered to its position in *Sutton.*

In *State v. Jairl,* 229 Or 533, 368 P2d 323 (1962), the court, after quoting former ORS 134.110, now ORS 135.745,① states:

"* * * This section does not bar another prosecution for the same offense if the crime charged is a felony, ORS 134.140 * * *."

Former ORS 134.140 now appears as ORS 135.753 and provides:

"(1) If the court directs the charge or action to be dismissed, the defendant, if in custody, shall be discharged. If he has been released, his release agreement is exonerated and security deposited shall be refunded to him.

"(2) An order for the dismissal of a charge or action, as provided in ORS 135.703 to .135.709 and 135.745 to 135.757, is a bar to another prosecution for the same crime if the crime is a Class B

---

① The 60-day period in former ORS 134.110 was reduced to 30 days by Oregon Laws 1971, ch 286, a fact which does not affect the authority of these cases in their construction of ORS 135.530(2) and former ORS 134.110, now ORS 135.745.

or C misdemeanor; *but it is not a bar if the crime charged is a Class A misdemeanor or a felony.*" (Emphasis supplied.)

Under the rule enunciated in the foregoing authorities, it is clear that the dismissal by the court on defendant's motion of the information charging a felony on August 5, 1974, pursuant to ORS 135.745, did not constitute a bar to the filing of the indictment on August 7, 1974, charging defendant with a felony. The motion to dismiss the indictment as in violation of ORS 135.745 was correctly denied.

█ Defendant's challenge, based on the speedy trial provisions of the U.S. Const. amend. VI and Oregon Constitution, Art I, § 10, is clearly without merit. In *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972), the U.S. Supreme Court discussed the right at length. It stated:

> "We, therefore, reject both of the inflexible approaches—the fixed-time period because it goes further than the Constitution requires; the demand-waiver rule because it is insensitive to a right which we have deemed fundamental. The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.
>
> "* * * * * *
>
> "A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

"The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance * * *." (Footnotes omitted.) 407 US at 529-30.

Considering briefly the four factors in the context of this case, we find:

(1) Delay here was 11 days—certainly almost a de minimus period;

(2) In the absence of any showing one way or the other, we assume the state negligently failed to indict within the 30-day period of ORS 135.745;

(3) Defendant asserted his claim of delay 34 days after he was bound over to the Grand Jury; and

(4) Prejudice to the defendant.

In *Barker v. Wingo,* supra, the court said:

"* * * Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. This Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired * * *." (Footnote omitted.) 407 US at 532.

1. Incarceration. Here the defendant was free on conditional release at all times from the day he was bound over until the information was dismissed on August 5, nine days after the 30-day period had expired.

2. There is nothing to support a claim, and none is made, that the anxiety or concern of the defendant, if any, was significantly or unreasonably affected by

the nine-day period in excess of the 30-day period provided in ORS 135.745.

The defendant here was tried pursuant to a stipulated set of facts in open court. It is obvious that there was no impairment of the defendant's right of defense.

Thus we conclude there was no violation of the defendant's Sixth Amendment right to a speedy trial.

■ Concerning the claimed violation of Oregon Constitution, Art I, § 10, we pointed out in *State v. Downing,* 4 Or App 269, 478 P2d 420 (1970):

> "\* \* \* [T]he Supreme Court of Oregon has interpreted Art I, § 10 of the Oregon Constitution to mean that 'there shall be no unreasonable delay after a *formal complaint* has been filed against the defendant.' (Emphasis supplied.) *State v. Vawter,* supra, 236 Or at 90-91. The court there indicated that this provision should be given the same construction as is given the speedy trial clause of the Sixth Amendment to the Constitution of the United States \* \* \*." 4 Or App at 276.

We adhere to that rule. Accordingly, it follows that there was no violation of defendant's right to a speedy trial under Oregon Constitution, Art I, § 10. *See also: State v. Griffin,* 7 Or App 19, 489 P2d 985 (1971).

Affirmed.