[No. 2069]

IN THE MATTER OF THE APPLICATION OF ALEXANDER DICKSON FOR A WRIT OF HABEAS CORPUS.

1. CRIMINAL LAW—PETIT LARCENY—GENERIC OFFENSE.
   Petit larceny as defined by statute is a generic offense and is not an offense included within the crime of grand larceny.

2. CRIMINAL LAW—JUDGMENT OF GUILTY OF PETIT LARCENY UNDER INDICTMENT FOR GRAND LARCENY VOID—JURISDICTION.
   A judgment entered upon a plea of guilty of petit larceny under an indictment charging grand larceny is void as in excess of the jurisdiction of the court to enter.

ORIGINAL PROCEEDING in *habeas corpus*. Alexander Dickson was permitted to plead guilty to petit larceny under an indictment for grand larceny. Judgment was entered accordingly, and he brings *habeas corpus* to be relieved from imprisonment upon the judgment. Petitioner discharged from commitment on judgment, but not from indictment.

The facts sufficiently appear in the opinion.

*W. H. Deal* and *R. Gilroy*, for Petitioner:

Larceny is not a crime consisting of degrees, and under an indictment for grand larceny a district court is without jurisdiction to enter judgment of conviction for petit larceny. (*People* v. *Price*, 7 Pac. 745; *People* v. *Prather*, 53 Pac. 259; *People* v. *Nelson*, 56 Cal. 77; *People* v. *Canon*, 61 Cal. 476; *People* v. *Sherman*, 32 Pac. 879; *People* v. *Chue Ying*, 34 Pac. 1080; *Ex Parte Dela*, 25 Nev. 346; Rev. Laws, 6640.)

There is a broad distinction between a magistrate and a court. A magistrate, as such, cannot finally try, hear and dispose of a criminal case and enter final judgment.

Petitioner is not estopped, nor is he questioning the sufficiency of the indictment. He complains that he is held under a commitment showing on its face that the court had no jurisdiction to pronounce the judgment entered, which is a ground for discharge on *habeas corpus*. (Rev. Laws, 6245.)

*Geo. B. Thatcher*, Attorney-General, and *J. A. Callahan*, District Attorney, for Respondent:

The sufficiency of the indictment cannot be tested by *habeas corpus.* (*Ex Parte Winston*, 9 Nev. 71; *Ex Parte Breckenridge*, 34 Nev. 275; *In re Crandall*, 34 Wis. 177.)

The petitioner is estopped to question the sufficiency of the indictment in this court. (*Sellers* v. *People*, 6 Ill. 183.)

The district judge, when imposing the sentence upon petitioner, was acting as a magistrate (Rev. Laws, 6929), and after his plea of guilty of the crime of petit larceny the said court had jurisdiction of petitioner and of the subject-matter, and had the power to lawfully impose the sentence here in question, and acted within its power.

By the Court, McCarran, J.:

This is an original proceeding in *habeas corpus.* The writ in this case was heretofore issued upon a duly verified petition alleging that the petitioner was unlawfully confined and restrained of his liberty by the sheriff of Humboldt County.

The petitioner, Alexander Dickson, as appears from his petition, was indicted by the grand jury of Humboldt County, and in said indictment was charged with grand larceny. The indictment is as follows:

"The defendant, Alexander Dickson, above is accused by the county of Humboldt, State of Nevada, of a felony committed as follows, to wit: That said defendant, Alexander Dickson, on the 6th day of February, A. D. 1913, or thereabouts, and before the finding of this indictment, at the said county of Humboldt, State of Nevada, did then and there wilfully, unlawfully, and feloniously steal, take, and carry, lead, drive, and entice away one hog, the personal property of one S. A. Dedman. All of which is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Nevada."

Upon being arraigned under the foregoing indictment, the defendant at first entered a plea of not guilty.

Later, as appears from the record, the defendant with his attorney appeared in court and was permitted to withdraw his plea of not guilty and enter a plea of guilty of petit larceny.

At a later date, to wit, March 14, 1913, the following proceedings took place, as appears from the record: "This being the time heretofore designated by the court for pronouncing judgment and sentence upon defendant herein, the said defendant, Alexander Dickson, being present in court and represented by his counsel, W. S. Bonnifield, Jr., Esq., who was also present, the said defendant was informed by the court of the nature of the indictment against him, charging him with having committed the crime of grand larceny, in said county and state on or about the 6th day of February, A. D. 1913, also of the nature of his plea of not guilty thereto, of the fact that on the 13th day of March, A. D. 1913, in open court, he was by permission of the court permitted to withdraw his said plea of not guilty, which plea he did then and there withdraw; of the fact that he was therefore at said last-mentioned time and place permitted to plead guilty of petit larceny, an offense necessarily included within the offense charged in the indictment, which said plea of guilty he did then and there enter; of the nature of said plea of guilty, and to the effect thereof—whereupon the said defendant was asked whether he had any legal cause to show why judgment should not now be pronounced by the court. And no legal cause appearing to the court why judgment should not be pronounced at this time, it is therefore ordered and adjudged, and it is the judgment of this court, that you are guilty of the offense of petit larceny, an offense the commission of which is necessarily included within the offense charged in the indictment, to wit, grand larceny, and it is the sentence of the law pronounced upon you by the court that for that offense, to wit, petit larceny, you be confined in the county jail of Humboldt County, Nevada, at Winnemucca, Nevada, for the term of five months. The said defendant, Alexander Dickson,

was thereupon remanded to the custody of the sheriff of Humboldt County, State of Nevada, for the serving of said sentence."

The petitioner, after serving the greater part of the time for which he was sentenced, comes to this court on petition for a writ of *habeas corpus* to restore him to his liberty.

Counsel for petitioner contend that the judgment and commitment in this case are void for the reason that the court was without jurisdiction to receive the plea of guilty of petit larceny, under the indictment, or to pass judgment upon the petitioner, by reason of such plea. In general, they contend that the crime of petit larceny is not included within the crime of grand larceny, as set forth in this indictment.

At common law the only subjects of larceny were tangible, movable chattels, something which could be taken into possession and carried away, and which had some, although trifling, intrinsic value.

Section 373 of the crimes and punishments act of Nevada is as follows: "Every person who shall feloniously steal, take, and carry away, lead or drive away, the personal goods or property of another, of the value of fifty dollars or more, shall be deemed guilty of grand larceny, and upon conviction thereof, shall be punished by imprisonment in the state prison for any term not less than one year nor more than fourteen years."

Section 374 of the same act is as follows: "Every person who shall steal, take, and carry, lead, or drive away, the personal goods or property of another, under the value of fifty dollars, shall be deemed guilty of petit larceny, and upon conviction thereof, shall be punished by imprisonment in the county jail not more than six months, or by fine not exceeding five hundred dollars, or by both such fine and imprisonment." (Rev. Laws, 6638, 6639.)

The general distinction between grand and petit larceny depends upon the value of the goods stolen, and it was undoubtedly the intention of the legislature to fix the

degree of crime, and the punishment as well, upon the value of the property stolen, and therefore the felonious stealing or taking, or carrying away property of the value of $50 or more is by this act designated "grand larceny," while petit larceny, punishable only by jail imprisonment, or a limited fine, is feloniously taking the property of another of the value of less than $50.

But an aggravated form of larceny was declared, by the legislature, punishable without reference to the value of the goods stolen; hence section 375 of the crimes and punishments act is as follows: "Every person who shall feloniously steal, take and carry, lead, drive or entice away any horse, mare, gelding, colt, cow, bull, steer, calf, mule, jack, jenny, or any one or more head of cattle or horses, or any sheep, goat, hog, shoat or pig, not his own property but belonging to some other person; and every person who shall mark or brand, or cause to be marked or branded, or shall alter or deface, or cause to be altered or defaced, a mark or brand upon any horse, mare, gelding, colt, cow, bull, steer, calf, mule, jack, jenny, or any one or more head of cattle or horses, or any sheep, goat, hog, shoat or pig not his own property but belonging to some other person, with intent thereby to steal the same or to prevent the identification thereof by the true owner or to defraud; and every person who, with intent to defraud, or to appropriate to his own use, shall wilfully kill any animal running at large, not his own, whether branded, marked or not; and every person who shall sell or purchase, with intent to defraud, the hide or carcass of any animal the brand or mark on which has been cut out or obliterated, shall be deemed guilty of grand larceny, and upon conviction shall be punished by imprisonment in the state prison for any term not less than one year nor more than fourteen years." (Rev. Laws, 6640.)

As will be observed, the asportation of any of the animals named in the last statute quoted constitutes grand larceny, without reference or regard to the value of the animal. The only difference between the crime of stealing an animal under section 375 and larceny at

common law is that the statute abolishes the degree of the crime, and makes the stealing of any of these animals a felony, without regard to the amount of their value.   By the statute quoted above, the crime of stealing, taking, carrying, leading, driving, or enticing away any of the animals mentioned therein is grand larceny and not divisible into degrees.

It is admitted in this case, by attorneys for the state, that the petitioner was indicted under section 375, and they contend that the crime of petit larceny is necessarily included within the statutory crime of grand larceny as set forth in that section.   In fact counsel for the state in this case assumes two positions as against the perpetuation of the writ: First, that petit larceny is necessarily included within this statutory crime of grand larceny; and, second, that, the petitioner having pleaded guilty to the crime of petit larceny, he is estopped from questioning the jurisdiction of the court, or the validity of the indictment.

As to the first contention it is our opinion that, this being a crime expressly created by statute, without regard to value, it is not divisible into degrees, and hence the lesser crime of petit larceny is not included. Under indictments for statutory larceny, such as the one under consideration, a conviction of petit larceny cannot be had, when under the statute no petit larceny could be committed under the circumstances charged.

Under the Revised Code of Alabama several articles and chattels are enumerated, the larceny of which is made a felony without reference to their value, and among which enumerated chattels is "part of an outstanding crop of corn."   In the case of *Gregg* v. *State*, 55 Ala. 116, it appears that the indictment charged that defendant "feloniously took and carried away fifty ears of corn, a part of an outstanding crop of corn, the property of," etc.   The jury returned a verdict of guilty of petit larceny.   The Supreme Court of Alabama in reviewing the case said: "The statute which created this offense defined its grade and declared the punishment therefor.

There is no statute or principle of the common law which declares that it is a public offense to take or carry away growing or ungathered corn, under any circumstances other than those which, under the act of February 20, 1875, make it a felony and punish it as such. It follows from this that while an outstanding crop of corn or cotton may be the subject of felonious larceny, it cannot be the subject of petit larceny." The final determination of the court in that case was that the stealing of any of the enumerated articles was made grand larceny *per se*, no matter what may have been the value of the article stolen, and the defendant, having been charged in the indictment with statutory grand larceny, could not be found guilty of petit larceny.

In the case of *The State* v. *Davidson*, 73 Mo. 428, the defendant having been indicted for "larceny committed in a dwelling house," was found guilty of "petit larceny." The Supreme Court of Missouri, in passing upon the case, said: "But the judgment cannot be affirmed on the merits. On examination of the record, of which the verdict forms part, we find that the defendant, though indicted for 'larceny committed in a dwelling house,' was found guilty, not as charged in the indictment, but merely guilty of 'petit larceny,' a totally distinct offense, one which the indictment does not charge. This does not fall within the purview of section 14, p. 513, 1 Wagner's Statutes, whereby a party indicted for an offense 'consisting of different degrees' may be found 'not guilty of the offense charged in the indictment,' but 'guilty of any degree of such offense inferior to that charged in the indictment, or of any attempt,' etc., because there are no degrees of the offense of 'larceny committed in a dwelling house.' The party accused of such offense is either guilty as charged, or not guilty at all, so far as concerns that particular charge. He is brought before the court to answer to a specific and statutory charge of 'larceny committed in a dwelling house,' and not for that offense committed otherwise or elsewhere. In short petit larceny committed outside of the dwelling house

is not an offense inferior in the degree of larceny committed inside of a dwelling house."

By the provisions of our statute the taking of any of the animals enumerated, with intent to deprive the owner, constitutes grand larceny *per se*. The value of the animal cuts no figure; it is not divisible into degrees. Petit larceny is not included either necessarily or otherwise.

The petitioner having raised no objection either to the sufficiency of the indictment or to the jurisdiction of the court, and having entered a plea of guilty of petit larceny, can he now question either? The effect of the plea of guilty, generally speaking, is a record admission of whatever is well charged in an indictment, but if the latter be insufficient, either from a standpoint of failing to confer jurisdiction or to set forth facts sufficient to constitute a public offense, the plea of guilty confesses nothing. (Bishop's New Criminal Procedure, vol. 1, 795.)

In a case of this kind the indictment is the basis of the court's jurisdiction, to either pass judgment or impose punishment, and a plea of guilty does not cure the jurisdictional defects in an indictment. A plea of guilty amounts to nothing more than an acknowledgment of the facts charged in the indictment, but whether such facts constitute an offense at law is left open to be decided by the court. (*Crow* v. *State*, 6 Tex. 334.)

In the case of *State* v. *Levy, et al.*, 119 Mo. 436, 24 S.W. 1026, the attorney for the people admitted that the indictment in the case was bad, but contended that the defendants, having pleaded guilty, waived any exceptions to the validity or invalidity of the judgment, and, having invited the sentence of the court, the judgment and all other proceedings were regular and the defendant had no right to complain, or be heard to complain, of the judgment rendered at their instance. The court, speaking through Sherwood, J., said: "The effect of such a plea only amounts to an admission by record of the truth of whatever is sufficiently alleged in the indictment, and no confession, however large and explicit, will prevent a defendant from taking advantage of the faults apparent

of record. If no crime is charged in the indictment, then none is confessed by pleading guilty thereto."

In the case of *Fletcher, et al.,* v. *State,* 12 Ark. (7 Eng.) 169, it was the contention of the attorney-general that inasmuch as the defendants plead guilty in the circuit court below they thereby waived all defects in the indictment. The supreme court in passing upon the case said: "The law has been long settled otherwise. No confession, however large and explicit, can have any such effect. * * * The defendants here but confessed themselves guilty in manner and form as charged against them in the indictment; and, if no offense against the law is charged, they have not confessed themselves guilty of any. But, if the confession was still broader and embraced a crime, when the indictment fell short of it, and punishment followed, it would be the punishment of a crime not proceeded for by indictment."

In the case under consideration the petitioner was permitted to plead guilty and was adjudged guilty of a crime not included in the crime sought to be charged in the indictment. He was before the court on an indictment for statutory grand larceny, and could be adjudged guilty only of the crime of which he was accused. The crime of petit larceny, of which he was adjudged guilty, was a separate and distinct offense not included in the indictment, and hence the judgment imposed punishment for a crime not proceeded for by indictment.

This court, in the case of *Ex Parte Webb,* 24 Nev. 242, speaking through Mr. Justice Bonnifield, said: "There are three essential elements necessary to render convictions valid. These are, that the court must have jurisdiction over the subject-matter, the person of the defendant, and authority to render the particular judgment. If either of these elements is lacking, the judgment is fatally defective, and the prisoner held under such judgment may be released on *habeas corpus.*"

The indictment in this case charged the petitioner with the crime of grand larceny. He was indicted under section 375 of the crimes and punishment act. Under that

indictment he could be convicted of the crime of grand larceny, or nothing. Had the petitioner gone to trial, and the facts disclosed by the prosecution failed to bear out the allegations of the indictment, the jury could not have found the petitioner guilty of petit larceny. No set of facts, no mitigating statements or conditions, could warrant the court in passing judgment upon the petitioner for a crime not included within the crime for which he was indicted. His failure to except to the jurisdiction of the court, or to raise, by demurrer or otherwise, defects in the indictment, and his voluntary act in pleading guilty of the crime of petit larceny, does not, in our opinion, preclude the petitioner from raising these defects or interposing these objections at this time. The crime of petit larceny not being included in the statutory crime of grand larceny where, by statutory enactment, the taking of any one of certain enumerated animals constitutes grand larceny, the court had no power, and hence no jurisdiction, to accept the plea of the petitioner to petit larceny, and hence no power or jurisdiction to pass judgment or impose sentence upon the petitioner.

In releasing the petitioner from the commitment, by reason of which he is now held, it does not follow that he is released from the indictment which is still pending in the district court of Humboldt County, and in which indictment the petitioner is charged with the crime of grand larceny.

It therefore follows that the commitment under which and by reason of which petitioner is now detained is invalid and void, and petitioner is legally entitled to be discharged therefrom.

It is so ordered.