Luther Grant WEATHERFORD, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12075.

Criminal Court of Appeals of Oklahoma.

Dec. 1, 1954.

Ralph Samara, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, Luther Grant Weatherford, was charged by an information filed in the District Court of Oklahoma County with the crime of burglary in the second degree. Upon his arraignment he entered a plea of not guilty and was released on bond. Later, at the time the case was regularly set for trial, defendant failed to appear and his bond was forfeited. Thereafter the defendant appeared before the court with his counsel, and by agreement of the county attorney, the bond forfeiture was set aside and defendant was remanded to the county jail. Subsequently, on October 13, 1953, the defendant appeared in person and with his counsel and withdrew his plea of not guilty and entered a plea of guilty; the county attorney recommended a suspended sentence and the case was referred to the probation officer for investigation with the time for pronouncing judgment and sentence being set for October 22, 1953. Thereafter, before sentence was pronounced, the defendant appeared with his counsel and with the county attorney being present made formal application to withdraw his plea of guilty and stand trial. The county attorney in open court agreed that the trial court should permit the plea of guilty to be withdrawn. However, the trial court refused to permit the plea of guilty to be withdrawn and refused to follow the recommendation of the county attorney that a suspended sentence be given the accused for the reason that the report from the probation officer showed that the accused was not eligible for a suspended sentence; the court thereupon sentenced the defendant to serve 5 years imprisonment in the penitentiary and he has appealed.

Two propositions are presented by the appeal. First, the court erred in refusing to allow the defendant to withdraw his plea of guilty. Second, the sentence was excessive. These two propositions will be considered together.

 The record discloses that after the plea of guilty had been entered by the accused, that the probation officer made an investigation of the prior conduct of the accused and learned that he had been arrested on numerous occasions and had entered pleas of guilty to many violations of the municipal ordinances of Oklahoma City. The defendant's occupation was that of a panderer or pimp. A copy of the probation officer's report was furnished to the county attorney who advised the attorney for the defendant what had been disclosed in the report. Being cognizant that accused was not eligible for a suspended sentence by reason of his past bad reputation, 22 O.S.1951 § 991, counsel, with the acquiescence of the county attorney, sought to withdraw the plea of guilty. At the time judgment and sentence was pronounced, the trial court dictated into the record the reasons which prompted him to refuse to allow the plea of guilty to be withdrawn and to refuse a suspended sentence. Briefly summarized, the following reasons were given:

1. The defendant failed to appear for trial, his bond was forfeited and he was a fugitive from justice for over a year before he was arrested in California in connection with an investigation of an armed robbery charge and returned for trial.

2. The plea of guilty was voluntarily entered after consultation with counsel of his own choice with the knowledge that the trial court was not bound by the recommendation of the county attorney.

3. The past record of the accused made him ineligible for a suspended sentence.

 The law pertaining to situations as presented by this record is set forth in the case of Bennett v. State, 75 Okl.Cr. 42, 128 P.2d 253, as follows:

"The general rule of law is that an application to withdraw a plea of guilty is addressed to the sound discretion of the trial court; the law favors

the trial of criminal cases on the merits and where it reasonably appears a plea of guilty was influenced by persons in authority or apparent authority which has led a defendant to believe that by entering a plea of guilty his punishment will be thereby mitigated, he should be permitted to withdraw the plea of guilty and to enter a plea of not guilty, and the refusal to permit him to do so is an abuse of discretion.

\* \* \* \* \* \*

"A defendant should not be allowed to trifle with the court by deliberately, with the advice of counsel, entering a plea of guilty one day and capriciously withdrawing it, after several delays at the request of defendant, on the day set for pronouncing judgment."

In Ward v. State, 90 Okl.Cr. 120, 210 P.2d 790, it was held:

"In order to sustain the contention of an accused that a trial court has abused its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly, through ignorance, inadvertence, influence, or without deliberation, and that there is a defense that should be presented to the jury."

There seems to be no question about the guilt of the accused. On the other hand, his guilt is freely admitted. Under such circumstances, we do not feel legally justified in holding that the trial court erred in refusing to allow the plea of guilty to be withdrawn. However, we feel constrained to give the accused some relief because it is evident that the county attorney, who knew the strength and weaknesses of the State's case, favored a suspended sentence originally; and when it became apparent that the accused was ineligible under the law for a susupended sentence, he recommended in open court that the minimum sentence of 2 years imprisonment should be given the accused. The court elected not to follow the recommendation of the county attorney. This recommendation was advisory only and was not binding on the court. The record discloses that the co-defendant of the accused was sentenced to serve 2½ years imprisonment in the penitentiary on a plea of guilty entered shortly after the burglary was committed. Because the accused did flee from the jurisdiction of the court and cause his bond to be forfeited and remained a fugitive for over a year, we feel that he is not entitled to the same consideration as that given his co-defendant.

It is therefore ordered that the judgment and sentence of the District Court of Oklahoma County be modified from a term of 5 years imprisonment in the state penitentiary to a term of 3 years imprisonment in the penitentiary and the judgment and sentence as thus modified is affirmed.

POWELL, P. J., and BRETT, J., concur.