Argued December 6, affirmed December 19, 1962

# STATE OF OREGON *v.* HEDRICK
(Docket No. 18533)
377 P. 2d 23

*George A. Haslett, Jr.,* Portland, argued the cause
and filed briefs for appellant.

*David Robinson, Jr.,* Deputy District Attorney, Portland, argued the cause for respondent. On the brief were Charles E. Raymond, District Attorney, and Oscar D. Howlett, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN, LUSK and DENECKE, Justices.

### PER CURIAM.

The defendant appeals from a conviction under ORS 163.270 (assault with intent to rape) (our docket No. 18533).

■ The first alleged error is the failure of the trial court to dismiss the indictment. The ground assigned by the defendant for his motion was that the district attorney had interviewed the complaining witness more than one year before the indictment was returned and therefore was bound to prosecute the defendant, if at all, at some unspecified date earlier than the one stamped upon the indictment. The defendant cites no authority for his proposition except the general constitutional requirement that justice be not delayed. We have found no authority which would require a district attorney to proceed with an indictment upon whatever evidence he may have at a date chosen by the defendant. The assertion of the defendant now to the effect that such evidence would have been sufficient to support an earlier prosecution may be an admission against the defendant's interest, but we are not persuaded that it can control the prosecutor in the reasonable exercise of his discretion. On the contrary, ORS 131.110 requires the state to prosecute a felony of the class here under consideration within three

years of the date the crime is committed. We assume, in the absence of a contrary showing, that the statute is a sufficient legislative declaration of policy regarding the time within which to return an indictment.

The defendant's second assignment of error challenges the right of the trial court to proceed with the trial after ruling on the motion described above. On the morning of the trial the defendant handed up his motion. The court correctly ruled against him. The defendant thereupon gave what he calls an oral notice of appeal from the ruling. The defendant sought thereby to bring himself within the rule of *State v. Jackson,* 228 Or 371, 382, 365 P2d 294 (1961). That case explained the statutory formula by which a defendant who claims to have been denied a speedy trial after indictment can file a written notice of appeal from an order denying a motion to dismiss an indictment under ORS 134.120. The appeal, under ORS 138.040, automatically ousts the trial court of jurisdiction to proceed with the case until after the appeal is decided. The defendant in the case at bar now contends that he, too, is entitled to this procedural byplay. He says that because the trial proceeded after he had moved to dismiss the indictment, and because he appealed the ruling, his conviction is void under *State v. Jackson,* supra. He is wrong.

■ Except for the statute of limitations, which is not here involved, no statute fixes the time within which a prosecutor must, on pain of having the case later dismissed, press for an indictment. ORS 134.120 applies only to the right to speedy trial after indictment. There is accordingly no state of affairs in this case upon which the *Jackson* formula can operate. There being no statute allowing an appeal from an order denying a motion to dismiss except as provided

by ORS 138.040, the trial court's ruling was not appealable. *State v. Haynes,* 233 Or 292, 375 P2d 550 (1962).

■ There is a further reason why the second assignment of error lacks merit, if indeed it is not frivolous. Even if the order from which the defendant attempted to appeal on January 26, 1962, had been an appealable order, there was no valid notice of appeal in the record to oust the trial court of its jurisdiction. ORS 138.080 requires the notice of appeal to be in writing.

There being no error, the judgment is affirmed.