Argued December 6, affirmed December 31, 1962

# STATE OF OREGON *v.* HEDRICK
(Docket No. 18560)
377 P. 2d 325

*George A. Haslett, Jr.*, Portland, argued the cause and filed a brief for appellant.

*David Robinson, Jr.*, Deputy District Attorney, Portland, argued the cause for respondent. On the brief were Charles E. Raymond, District Attorney, and Oscar D. Howlett, Deputy District Attorney, Portland.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN, LUSK and DENECKE, Justices.

PER CURIAM.

Defendant was charged with the crime of assault with intent to commit rape. He appeals from an order denying his motion to dismiss the indictment. The motion was based upon the alleged failure of the state to proceed with timely prosecution of the charge against him. Defendant relies upon Article I, § 10, Oregon Constitution, ORS 134.110 and ORS 134.120.

ORS 134.110 provides as follows:

"When a person has been held to answer for a crime, if an indictment is not found against him within 60 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

Defendant was arrested in October, 1960. The indictment was not filed until October 19, 1961. Defendant contends that this delay in proceeding with the prosecution of the case after arrest deprived him of his right to "speedy justice."

When defendant was arrested he was charged with the commission of several other crimes. On December 22, 1960, he pleaded guilty to one of the crimes charged. Soon thereafter he was transferred to the State Hospital for psychiatric treatment. He escaped from the hospital and was not returned to the State Hospital until March 10, 1961. Two days later he was released to the sheriff of Multnomah county.

■ Under ORS 134.110 defendant is privileged to move to dismiss the prosecution of the charge against him "if an indictment is not found against him within 60 days after the person is held to answer." This privilege is waived if the motion to dismiss is not made prior to the return of the indictment. *State v. Wilson,* 230 Or 251, 369 P2d 739 (1962). Assuming without deciding that defendant was in a position which entitled him to have a motion to dismiss entertained, he failed to make the motion prior to the return of the indictment and therefore his privilege under ORS 134.110 was waived.

■ Article I, § 10 of the Oregon Constitution which guarantees that "justice shall be administered * * * without delay" is also relied upon by defendant. There was no evidence of unreasonable delay on the part of the district attorney in presenting the matter to the grand jury or in attempting to bring the case to trial. As we have noted, defendant was charged with several crimes. The district attorney was not required to proceed with the prosecution of all of these charges at one time. The defendant used a variety of dilatory tactics after indictment and placed obstacles in the path of prosecution prior to indictment by his escape from the State Hospital. Furthermore, we do not know what period of time was necessary to complete the investigation of the crime charged. As far as we

know a reasonable investigation could not have been completed under the circumstances until the day before the matter was submitted to the grand jury. Defendant has not shown that the delay at any stage was not reasonable under the circumstances. See also *State v. Hedrick* (No. 18533), 233 Or 76, 377 P2d 23.

■ After indictment defendant demurred to the indictment, moved for continuances, moved for change in venue, moved to dismiss the indictment and used other dilatory devices to delay the trial of the cause. Under such circumstances ORS 134.120 cannot be relied upon by defendant.[1]

The judgment is affirmed.

---

[1] "134.120 If a defendant indicted for a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the indictment to be dismissed."