**Joe Nova ANTUNA, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13395.**

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1963.

Rehearing Denied Jan. 15, 1964.

J. B. Champion, Jr., Ardmore, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Joe Nova Antuna, plaintiff in error, hereinafter referred to as the defendant, was charged in the District Court of Johnston County with the crime of Robbery in the First Degree. He appeared before the District Judge on March 15, 1963, accompanied by his attorney, and withdrew his plea of Not Guilty, entered a plea of Guilty to the reduced charge of Robbery in the Second Degree, and was sentenced to a term of two years in the State Penitentiary. From this judgment and sentence he now attempts to appeal.

The defendant asserts that he was coerced into entering the plea of Guilty, as he had previously worked out arrangements with the county attorney whereby he would recommend a suspended sentence.

After hearing defense counsel ask for leniency, and the county attorney recommend a suspended sentence *if* restitution would be made to the robbery victim, and due to the fact that defendant had been in no serious trouble; the trial judge, however, sentenced him to two years. Then counsel attempted to withdraw the plea of guilty, and same was denied by the court, thus defendant's main contention that this constituted an abuse of discretion.

After a careful examination of the record before us, it is apparent that *no* promises were made to defendant by the trial judge. The county attorney agreed to recommend a suspended sentence, which he did, not only in this case but in the companion case (State v. Bearden) which was heard just preceding this. The judge did not suspend the sentence in that case, yet defense counsel elected to plead Mr. Antuna guilty, on the supposition that he would receive a suspended sentence, and then expressed surprise when he did not. It seems highly improbable that the court's actions could have been so prejudicial in one case and yet counsel would nevertheless proceed to follow the same course in the other. Defendant gambled and lost on his bet that the judge would suspend the sentence. He now wants to reverse his field, and try his

luck thru the trial route, contending that he has a good defense to the charge. It was held in the case of Weatherford v. State, Okl.Cr. 277 P.2d 690:

"Defendant should not be permitted to trifle with court by changing plea to criminal charge capriciously."

And, further:

"In order to sustain the contention of an accused that a trial court has abused its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty substituted therefor, it must be apparent from the record that the plea has been made unadvisedly, through ignorance, inadvertence, influence, or without deliberation, and that there is a defense that should be presented to the jury."

It is the opinion of this Court that the trial judge did not abuse his discretion in this instance, and the judgment and sentence of the lower court is hereby affirmed.

BUSSEY, P. J., and JOHNSON, J., concur.