Charles Eddie LUCAS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20100.

United States Court of Appeals
Ninth Circuit.

July 18, 1966.

Earl Warren, Jr., Sacramento, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

JERTBERG, Circuit Judge:

Appellant appeals from a judgment of conviction and sentence of five years in the custody of the Attorney General for a

violation of 18 U.S.C. § 2312, interstate transportation of a stolen motor vehicle.

On this appeal two questions are presented:

1. "Whether the methods and means employed by the federal authorities involved resulted in a denial to Appellant of due process of law rights provided by the Fifth Amendment to the Constitution of the United States."; and

2. "Whether the methods and means employed by the federal authorities involved resulted in a denial to Appellant of the provision of the Sixth Amendment to the Constitution of the United States which provides that a person accused of a crime shall be given a speedy trial."

Both questions were raised in the District Court by motions to dismiss the indictment.

The facts which appear in the record are not in dispute, and may be summarized as follows:

Appellant was arrested by members of the police department of Lodi, California, on the evening of February 6, 1964, upon an alleged armed robbery charge which was subsequently dropped. On the morning of February 7, appellant was interrogated by two agents of the Federal Bureau of Investigation, at which time he signed a statement admitting stealing a Chevrolet automobile at Salt Lake City, Utah, and transporting it to Solano County, California. He also admitted a similar offense involving an Oldsmobile automobile. At that time the agents of the Federal Bureau of Investigation were seeking appellant on a charge of unlawful flight from Utah to avoid prosecution for an offense committed against the laws of the State of Utah. The federal charge was dropped following appellant's extradition to the State of Utah, which was effected over appellant's opposition.

Following a period of incarceration in a Utah jail, on the Utah charge, appellant was transferred to the State of Nevada on a federal charge pending there, apparently involving the interstate transportation of the stolen Oldsmobile automobile. The record does not disclose the date or manner of disposition of such offense, but in any event appellant was arrested in Nevada, on December 10, 1964, on a warrant from the Northern District of California, charging him with the offense set forth in the indictment.

Appellant refused to waive a removal hearing. One was held on January 6, 1965, and a warrant for removal to the Northern District of California was issued on January 8, 1965, and on that day the indictment was returned charging that appellant did, on or about January 13, 1964, transport a Chevrolet Station Wagon from the State of Utah to the County of Solano, State of California, well knowing the said Chevrolet Station Wagon to have been stolen.

Appellant appeared for arraignment on the charge set forth in the indictment on January 18, 1965, at which time counsel was appointed to represent him. Arraignment was continued to January 25, 1965, and thereafter continued on motion of appellant to February 2, 1965, on which date motions to dismiss the indictment were filed, based on the grounds that there had been such wanton failure and delay of prosecution that appellant had been deprived of his rights guaranteed to him by the Fifth and Sixth Amendments to the Constitution. Said motions were argued and thereafter denied on February 8, 1965, at which time appellant entered his plea of not guilty.

Trial to a jury was had on March 25th and 26th, 1965, resulting in appellant's conviction and sentencing.

Since appellant's contentions that he was denied his right to a speedy trial and his right to due process are based upon the same facts, we deem it unnecessary to consider his contentions separately. If appellant were denied his right to a speedy trial he was thereby denied his right to due process. Therefore, in our discussion we will refer only to appellant's claimed denial of his right to a speedy trial as guaranteed by the Sixth Amendment: " * * * the accused

shall enjoy the right to a speedy and public trial * * *."

Appellant does not complain of the delay occasioned by his extradition to Utah and his incarceration there on the State of Utah charge. His thrust is "that there were unreasonable and prejudicial delays in regard to both federal prosecutions * * *", and that "the delays in each compounded the delays in the other."

Appellant's position is based on the contention that the federal prosecution in Nevada, and the prosecution in California involving the Chevrolet automobile, were, in essence, one transaction since the appellant admitted to the agents of the Federal Bureau of Investigation on February 7, 1964, that he had transported the two stolen vehicles in interstate commerce.

■ While the record before us is practically devoid of any reference to the federal prosecution in Nevada, and even if we accept the unsupported statements appearing in appellant's brief relating to the federal prosecution in Nevada, nevertheless, we disagree with appellant's position. The prosecution of the federal offense in the Northern District of California was a separate and distinct offense from the offense which was the basis of the federal prosecution in Nevada. Each prosecution was a separate transaction. The single fact that the appellant stated to the agents of the Federal Bureau of Investigation, at the same interview, that he had illegally transported both cars is insufficient to support appellant's position. In our view appellant cannot, in the present proceedings, claim as unconstitutional delay any delay occasioned by the proceedings which occurred in the State of Nevada on the separate charge pending against him there.

From the record before us, appellant's claim that he was denied a speedy trial can only relate to the prosecution of the charge set forth in the indictment upon which appellant was convicted and sentenced. Appellant concedes that his first and only arrest on the charge set forth in that indictment occurred on December 10, 1964, in the State of Nevada. Appellant refused to waive a removal hearing, which occasioned a delay. A removal warrant to the Northern District of California was issued on January 8, 1965, and he was returned to California on January 9, 1965. He was presented for arraignment on January 18, 1965, on the indictment which was returned against him on January 8, 1965. Appellant does not complain of the delay subsequent to January 18, 1965.

The offense charged in the indictment was committed on or about January 13, 1964. The indictment was returned on January 8, 1965, which was well within the five year limitation prescribed for the offense by 18 U.S.C. § 3282.

■ Normally, the right to speedy trial attaches from the time a criminal charge is formally lodged against the accused by means of a formal complaint, information or indictment. Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808, 809–810, (1963), cert. den. 379 U.S. 905, 85 S.Ct. 198, 13 L.Ed.2d 178 (1964); Parker v. United States, 252 F.2d 680 (6 Cir. 1958), cert. den. 356 U.S. 964, 78 S.Ct. 1003, 2 L.Ed.2d 1071 (1958).

■ It is only in cases where special circumstances exist that the right to a speedy trial may attach at an earlier period than formal accusation. We find no special circumstances in this case to justify an exception to the general rule. In the instant case the earliest date at which the right to a speedy trial attached was on December 10, 1964. The only delay which occurred thereafter was the necessary delay in removing appellant from the State of Nevada to the State of California. We find nothing purposeful, oppressive or prejudicial in such delay.

"The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 (1905).

"Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances. [Citations omitted.] The delay must not be purposeful or oppressive." Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393 (1957).

We are unable to find any unconstitutional delay which would justify a reversal of the judgment in this case.

The judgment of conviction is affirmed.