NICHOLAS ANTHONY STABILE, PETITIONER, v. JUSTICE'S COURT OF LAS VEGAS TOWNSHIP, NEVADA, RESPONDENT.

No. 5262

October 19, 1967                    432 P.2d 670

*Charles L. Kellar,* of Las Vegas, for Petitioner.

*Harvey Dickerson,* Attorney General, Carson City; *George E. Franklin, Jr.,* Clark County District Attorney, and *James D. Santini,* Deputy District Attorney, of Las Vegas, for Respondent.

# OPINION

By the Court, THOMPSON, C. J.:

We are requested to forever prohibit the Justice's Court from conducting a preliminary hearing on a criminal complaint charging Stabile with the murder of Arnold Duarte. His petition for prohibition rests mainly on the contention that his Sixth Amendment right to a speedy trial was violated and, subordinately, upon the premise that it is not lawful for the State to proceed by criminal complaint, since he was previously charged by indictment which was later dismissed. It is our judgment that these contentions are not sound. Therefore, we deny prohibition.

On three separate occasions the State charged the petitioner with the murder of Duarte. First, by criminal complaint which the State apparently abandoned; next, by grand jury indictment which was later dismissed; and finally, again by criminal complaint which is the subject of this proceeding. More than 18 months have elapsed since the original charge.

The first complaint was met by a petition for a writ of habeas corpus. The complaint was abandoned and the petition withdrawn. The grand jury indictment was challenged by demurrer. However, that demurrer was withdrawn pursuant to a compromise arrangement of some kind resulting in the accused's release on bail. At arraignment, the accused entered a not guilty plea, and requested a discovery order which the court granted. That order was to be complied with by a date certain. Trial was set beyond 60 days, the defendant expressly waiving the time requirement of NRS 178.495.[1] The record is not clear whether the defendant's waiver of the 60-day rule was given in order to allow the State sufficient time to comply with the discovery order, and we will not speculate.

After the matter was set for trial, but before the trial date, this court handed down Shelby v. District Court, 82 Nev. 204,

---

[1] NRS 178.495 provides: "If a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment * * * the court shall order the indictment * * * dismissed, unless good cause to the contrary is shown."

414 P.2d 942 (1966). Shelby held, among other things, that an accused is entitled to a transcript of the testimony of witnesses who appeared before the grand jury. A transcript was not made in the case at hand. The record may be read to suggest that because of the Shelby pronouncement, the district court directed defense counsel to file a petition for a writ of habeas corpus. This was done, the writ granted, and the indictment dismissed without prejudice to the State to file another charge. The State immediately filed a new criminal complaint, the prosecution of which this proceeding seeks to stop.

Since our decision in Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966), the United States Supreme Court has extended the Sixth Amendment speedy trial provision to state criminal cases. Klopfer v. North Carolina, 386 U.S. 213 (1967). That right no longer rests upon mere statutory command, but is now of constitutional significance in this state. However, our statutory law specifying times to govern the progress of a criminal case remains as an appropriate guide to be used in resolving a speedy trial issue, and our case law interpreting the statutory directives remains untouched by the Klopfer pronouncement. The record of this case does not support the petitioner since the responsibility for delay is largely attributable to him. Cf. Oberle v. Fogliani, supra. He has challenged every charge filed against him. When finally arraigned upon the indictment he waived the 60-day rule. After dismissal of the indictment and the State's filing of a new complaint, he commenced this proceeding in prohibition. He has frustrated trial and may not look to the Sixth Amendment to free him.

Equally unsound is the subordinate contention. Although statute provides that once an indictment is dismissed, the charge may not again be submitted to a grand jury without express direction of the court [NRS 173.030], it does not follow that the alternate procedure by criminal complaint is also barred. Skinner v. State, 83 Nev. 380, 432 P.2d 675 (1967); In re Hironymous, 38 Nev. 194, 147 P. 453 (1915). The alternate procedure is permissible.

This petition for prohibition is denied.

COLLINS, J., ZENOFF, J., BATJER, J., and MOWBRAY, J., concur.