DAVID ARNDT BATES, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5337

January 10, 1968                    436 P.2d 27

[Rehearing denied February 7, 1968]

*Foley, Garner & Shoemaker,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *James L. Buchanan,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

The appellant, David Arndt Bates, was arrested on February 26, 1964, in a building in Las Vegas, Clark County, Nevada, and several charges of burglary in the first degree were lodged

against him. The appellant immediately posted bail and was released from custody.

After numerous delays and continuances a preliminary hearing was concluded on November 18, 1965, at which time the appellant and his co-defendant, Richard Jerald Clark were bound over to answer in the district court on four charges of first degree burglary.

On November 19, 1965, an information was filed in the district court charging the appellant and Richard Jerald Clark with four counts of first degree burglary.

On December 8, 1965, the appellant's counsel, in open court, waived the presence of the appellant and also waived his right to be tried within 60 days after the filing of the information as provided in NRS 178.495.[1]

Continuances were again granted at the request of and for the benefit of the appellant, and on February 14, 1966, the appellant was taken into custody by the federal authorities. On July 27, 1966, a writ af habeas corpus ad prosequendam was issued and pursuant thereto the appellant was brought before the district court on August 30, 1966. At that time the appellant moved for a continuance which was granted.

On September 2, 1966, a writ of habeas corpus was filed by the appellant.

On September 15, 1966, the appellant was arraigned in the district court on an amended information filed in case No. 4777, charging the appellant with the crime of second degree burglary, to which amended information the appellant then plead guilty. The State dismissed the remaining charges against the appellant and the appellant abandoned his petition for a writ of habeas corpus.

The sentencing of the appellant was continued until December 6, 1966, and was again continued until December 20, 1966.

On December 14, 1966, the appellant filed a motion to have the question of probation heard in another department of the district court, or in the alternate to allow him to withdraw his plea of guilty. The motion was denied.

On December 16, 1966, the appellant filed an objection to Judge Sundean's qualifications, which motion was heard on December 19, 1966 by Judge William P. Compton, and was denied.

---

[1]NRS 178.495. "If a defendant whose trial has not been postponed upon his application is not brought to trial within 60 days after the finding of the indictment or filing of the information, the court shall order the indictment or information to be dismissed, unless good cause to the contrary is shown."

On December 27, 1966, Judge Compton denied the appellant's motion to disqualify Judge Sundean.

On January 31, 1967, the hearing on the question of probation was continued until February 2, 1967, at which time the trial court denied probation and sentenced the appellant to confinement in the Nevada State Prison for a period of not less than one and not more than five years.

The appellant assigns as error his claim that he was (1) denied his right to a speedy trial; (2) subjected to cruel and unusual punishment because he was treated differently than his co-defendant, Clark, who was granted probation; (3) denied due process of law because the trial court refused to allow him to withdraw his plea of guilty and, (4) that the lower court erred in its failure to grant the alleged negotiated punishment bargained for by the State and appellant.

1. Every defendant charged with a crime has the fundamental right to a speedy trial.[2] Whether or not it has been denied depends upon the circumstances of the particular case. See Klopfer v. North Carolina, 386 U.S. 213 (1967); Stabile v. Justice's Court, 83 Nev. 393, 432 P.2d 670 (1967).

Here the appellant was not denied this fundamental right.

All the procedural delays complained of were either ordered for good cause or were directly or indirectly occasioned by the motions, stipulations, waivers, tactics, acquiescence and conduct of the appellant, as well as his incarceration on a federal charge. He cannot now complain that his right to a speedy trial has been violated. Stabile v. Justice's Court, supra; Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966); People v. Hocking, 296 P.2d 59 (Cal.App. 1956); State v. Hedrick, 377 P. 2d 325 (Ore. 1962).

The right to a speedy trial, whether within the statutory 60 days or within a reasonable time, may be waived and is not jurisdictional. People v. Workman, 263 P.2d 458 (Cal.App. 1953); People v. Hocking, supra; State v. Hedrick, supra.

The appellant's incarceration in a federal penitentiary constituted good cause for the delay in bringing him to trial. See Ex parte Schechtel, 82 P.2d 762 (Colo. 1938). In Ex parte

---

[2]NRS 169.160. "In a criminal action the defendant is entitled:
1. To a speedy * * * trial."

Trammer, 35 Nev. 56, 126 P. 337 (1912), this court went a step further when it held that the provisions of RL 7396 (cf. NRS 178.495), did not apply even when the defendant was serving a sentence on another charge in the Nevada state prison.

Furthermore, when the appellant entered his plea of guilty to the charge of second degree burglary, he waived whatever right he had to a speedy trial. Cooper v. State, 411 P.2d 652 (Kan. 1966), People v. Hocking, supra.

2. The fact that the co-defendant, Clark, was allowed probation while the application of the appellant was denied, does not constitute a cruel and unusual punishment in violation of Article 1, section 6, of the Nevada Constitution. Co-defendants may be punished differently for the commission of the same crime. See Ex parte Knapp, 254 P.2d 411 (Idaho 1953); State v. Gonski, 159 A.2d 182 (Conn. 1958); People v. Stevens, 215 N.E.2d 147 (Ill.App. 1966).

3. There was no abuse of discretion or denial of due process by the district court when it refused to allow the defendant to withdraw his plea of guilty to second degree burglary, reinstate all previous charges and proceed to trial.

While there is authority for the position that a guilty plea may be withdrawn where such a plea was induced by promises of the court or prosecution in respect to the punishment to be imposed, Weatherford v. State, 277 P.2d 690 (Okla. 1954); Smith v. United States, 321 F.2d 954 (9 Cir. 1963), such a rule is not applicable to the present case. Here there is no evidence of any specific promise made to the appellant by the prosecution or the district court. If any assurance was ever given the appellant that he would be allowed to withdraw his plea of guilty and proceed to trial, in the event probation was denied, it was only unilateral assurance from his own counsel, based on their belief or hope that probation would be granted.

The rule is clearly established that such belief or hope alone is insufficient to compel the withdrawal of a guilty plea. See, State v. Burnett, 365 P.2d 1060 (Ore. 1961); People v. Kelly, 7 Cal.Rptr. 600, (Cal.App. 1960); State v. Harris, 357 P.2d 719 (Wash. 1960).

The record is abundantly clear that the district court made no promises that probation would be granted, or that the plea

of guilty could be withdrawn, but in fact the court indicated that its leanings were against probation.

The district attorney's office took no position on the question of whether or not probation should be granted. In fact, that office was admonished by the district court not to take a position adverse to the appellant on the question of probation, nor to resist the appellant's motion to withdraw his plea of guilty.

The appellant cites the case of United States v. Gilligan, 256 F.Supp. 244 (1966) for the principle that fundamental fairness, as a concept of due process of law, requires that when an accused has entered a plea of guilty based upon a promise by a judge who thereafter, for any reason, fails to adhere to his promise, a not guilty plea must be reinstated. We agree with that principle of law, but it does not apply in this case because the district court did not make any such promise.

When the appellant entered his plea of guilty, the district court carefully questioned him about its voluntariness. We quote from the transcript at the time of the taking of the plea:

"COURT: To the charge contained in the amended information filed this date in Open Court, how do you plead?

DEFENDANT: Guilty, Your Honor.

COURT: Let the record show the defendant has pled guilty.

MR. GARNER: Your Honor, at this time, I would like to make two motions.

COURT: I haven't accepted his plea yet. I want to be sure that he understands what he's doing. As your counsel has pointed out, the charge in the amended complaint is the crime of second degree burglary, the penalty for which is—

MR. GARNER: One to five years.

COURT: No less than one and no more than five years in the State prison. Have you had any inducement of any kind to make your entry to this plea?

DEFENDANT: No, Your Honor.

COURT: You are doing this knowingly and willingly?

DEFENDANT: Yes.

COURT: Your plea of guilty is accepted now."

At a hearing held on January 17, 1967, the appellant was asked if the court had made any promises and appellant answered in the negative.

We quote from the transcript revealing the appellant's answers:

"COURT: Let me ask you this question: Did the Judge make any representation to you to the effect that if you were not granted probation you could withdraw your guilty plea?

A. You did not, Your Honor, not to me.

COURT: Or any representation as to what results would

occur if you did enter a guilty plea? The Judge himself, that is me, did I make any kind of representation to you with regard to your entering a plea of guilty?

A. No, Your Honor."[8]

Withdrawal of a guilty plea should be allowed only when good cause is shown. See Brown v. State, 405 P.2d 698 (Okla. 1965); People v. Horton, 345 P.2d 45 (Cal.App. 1959); People v. Johns, 343 P.2d 92 (Cal.App. 1959). In this case we find no good cause for withdrawal of the plea.

The appellant's fourth assignment of error is without merit. There is no evidence in the record of a negotiated agreement between the appellant and the prosecution, and even if there had been, the court was not party to it, and not bound by it.

The judgment is affirmed.

THOMPSON, C. J., COLLINS, ZENOFF, and MOWBRAY, JJ., concur.

---

[8]In this case the appellant has been represented by three different attorneys from the same law firm, who at times seemed to disagree. On the other hand, the State was represented by two different district attorneys, and numerous different deputy district attorneys, many of whom were unfamiliar with the previous proceedings. In spite of this handicap the lower courts were ever careful to protect the rights of the appellant.