CARL ADAMS and JAMES R. REDMANN, Also Known as OAKLEY GRIFFITH, Appellants, v. THE STATE OF NEVADA, Respondents.

No. 5529

June 7, 1968                    441 P.2d 697

*LeRoy Arrascada* and *Robert N. McGehee,* of Reno, for Appellants.

*Harvey Dickerson*, Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Defendants were arrested on July 26, 1967 and accused of burglary. Within a few days attorneys were appointed to represent each of them and a preliminary hearing was scheduled

for September 18, 1967. While awaiting the preliminary hearing the prosecutor presented the matter to the grand jury from which an indictment was returned on September 8th. An arraignment date was set for September 20th but postponed to October 5th and, again, that date was vacated. No explanation appears from the record for the delay between the time of arrest and the preliminary hearing nor that defendants moved to advance the hearing date.

Defendants petitioned for a writ of habeas corpus to test the sufficiency of the evidence supporting the indictment. They were successful in that effort for by stipulation between the defendants and the prosecution the writ was granted. That event took place October 18th, but the defendants were immediately rearrested and bound over to the district court after a preliminary hearing on November 7th at which six witnesses appeared for the prosecution as against two in the grand jury proceedings. An information charging the appellants with burglary was filed December 5th. Upon their not guilty pleas a trial was scheduled January 15, 1968. Again on January 4, 1968 they petitioned for a writ of habeas corpus, this time complaining that they were denied their right to a speedy trial. From the denial of that petition they appeal.

The contention of error alleges that because the original indictment was not founded on sufficient evidence thereby necessitating commencement of the habeas corpus proceedings the delay caused by those proceedings deprived the appellants of their right to a speedy trial.

The contention is without merit. In all, the time between the first arrest and their trial date was less than six months and the interval from the filing of the second information to the trial date was within the 60-day rule of NRS 178.495. In the absence of any showing to the contrary good faith on the part of the state is presumed for withholding some evidentiary material at the presentment stage is not unusual, although subject to the risk of a dismissal of the charges on the ground of insufficiency. From the record here we are satisfied that the initial grand jury proceeding was not a device to secure a delay as in Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251 (1966), where the prosecutor's tactic was a studied method to obtain more time. The proceedings followed by the defendants on this appeal were proper as we indicated in Oberle v. Fogliani, supra, and Stabile v. Justice Court of Las Vegas, 83 Nev. 393,

432 P.2d 670 (1967), but the merits of this case and those are not analogous.

Affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.