GREGORY SCOTT, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 5514

September 12, 1968                    444 P.2d 902

*David R. Hoy,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, Zenoff, J.:

In this case the petitioner, Gregory Scott, contends that he is denied a speedy trial because the State filed only one felony charge against him when the prosecutor had sufficient evidence

to formally accuse him of four more. The question is, when an accused is arrested and charged with one crime and at the same time the State has information sufficient to charge him with four more, must the State file all of the charges or may some of them be withheld subject to the direction of the prosecutor?

Scott was arrested and charged with robbing the Mark Twain Motel. He was also suspected of robbing four other motels, but the other robbery charges were withheld.

The day before the trial was to commence a material witness for the State could not be found. The district attorney dismissed that information and charged Scott with robbing the Zanzibar and the Holiday Inn. Through counsel he objected to further proceedings on the ground that because he was first arrested on June 27, 1967 and the Zanzibar and the Holiday Inn complaints were not filed until August 25th his right to a speedy trial was violated. The time between the alleged robberies of the Zanzibar and Holiday Inn and the filing of the complaint was 59 days.

He sought release by habeas corpus which was denied. He appeals.

We held in Barker v. State, 84 Nev. 224, 438 P.2d 798, that whether or not a defendant has been denied his right to a speedy trial depends on the circumstances of each case, citing Klopfer v. North Carolina, 386 U.S. 213 (1967); Bates v. State, 84 Nev. 55, 436 P.2d 27 (1968); Stabile v. Justice's Court, 83 Nev. 393, 432 P.2d 670 (1967).

The record does not show that Scott's detention or the 59-day delay before his arrest on the charge of robbery of the Zanzibar and the Holiday Inn are violative of either the Sixth Amendment's guarantee of a speedy trial or the due process clause of the Fourteenth Amendment to the United States Constitution. While prearrest delay may be a constitutional violation, the delay must be unreasonable and unfounded and endanger the fairness of the accused's trial. Terlikowski v. United States, 379 F.2d 501, 505 (8th Cir. 1967); Fleming v. United States, 378 F.2d 502 (1st Cir. 1967); United States v. Sanchez, 361 F.2d 824, 825 (2d Cir. 1966); Lucas v. United States, 363 F.2d 500 (9th Cir. 1966); cf. Ross v. United States, 349 F.2d 210 (D.C. Cir. 1965).

The prosecution carried its burden of showing good cause for the delay. Oberle v. Fogliani, 82 Nev. 428, 420 P.2d 251

(1966); Ex parte Morris, 78 Nev. 123, 369 P.2d 456 (1962). Scott's claim of possible prejudice was insubstantial and speculative. United States v. Ewell, 383 U.S. 116, 122–123 (1966).

Other issues were presented but the speedy trial question disposes of the entire appeal.

Affirmed.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.