DAVID WILLIAM GIESE, Appellant, v. CHIEF OF POLICE, RENO, NEVADA, Respondent.

No. 6288

November 2, 1971                489 P.2d 1163

*J. MacArthur Wright,* Washoe County Legal Aid Society, of Reno, for Appellant.

*Clinton E. Wooster,* City Attorney, *Richard J. Legarza,* and *Steve Lane,* Assistant City Attorneys, of Reno, for Respondent.

## OPINION

*Per Curiam:*

The appellant Giese plead guilty to the City of Reno's "disorderly person ordinance," which provides that: "(a) Every person is a vagrant who: . . . (8) Loiters or wanders upon the streets or from place to place without apparent reason or business and who refuses to identify himself and to account for his presence when requested by any peace officer so to do, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification." He was sentenced to 25 days in jail. After he had begun

to serve his sentence he petitioned the district court for a writ of habeas corpus claiming that he was illegally imprisoned and restrained of his liberty. After a hearing the petition was denied.

The appellant, in his argument before the district court, contended that: (1) The Municipal Court of the City of Reno failed to advise him that he had a right to appointed counsel if he could not afford to hire private counsel; (2) that he had a right because of his poverty to be released on his own recognizance pending trial, and; (3) that the Reno Municipal Ordinance, section 11.12.070 was unconstitutional. However, upon appeal he contends that an indigent has a right to appointed counsel in all misdemeanor prosecutions in the State of Nevada and that Reno Municipal Ordinance, section 11.12.070, is unconstitutional. We do not reach these issues because we have examined the record and it appears that the appellant was otherwise illegally imprisoned and restrained of his liberty. In his decision the trial judge noted that no testimony was presented at the hearing and that for the purpose of his decision he deemed the facts recited in the appellant's points and authorities to be stipulated.

An examination of those facts indicates that the arresting officer neither asked the appellant his identity nor requested an account of his presence at the place of arrest. In the respondent's supplemental brief, submitted at our request, he admits that the arresting officer did not ask the appellant to identify himself or account for his presence, that the officer did not have reason to believe that the public safety was threatened, nor was the appellant loitering or wandering upon the streets or from place to place without apparent reason or business.

The respondent further concedes that it is abundantly clear from the appellant's affidavit that he had apparent reason and business for going from place to place because he had attended a movie, gone to a cafe for a cup of coffee and then to a service station to obtain gas for his friend's automobile. However, after making these concessions the respondent contends that the appellant's guilty plea contravenes his affidavit and the other facts deemed stipulated by the trial judge, and that he is estopped to contend that no crime has been committed.

The failure by the appellant to raise the defects existing in the complaint before the municipal court, and his voluntary act in pleading guilty did not preclude him from raising such defects on a petition for a writ of habeas corpus. Ex parte Dickson, 36 Nev. 94, 133 P. 393 (1913).

Although procedural defects may be inferentially waived by a guilty plea where the defendant was represented by competent counsel, (See Bates v. State, 84 Nev. 43, 436 P.2d 27 (1968); cf. Hall v. Warden, 83 Nev. 446, 434 P.2d 425 (1967)) substantive rights cannot be deemed waived in the same manner.

In Ex parte Dickson, supra at 101, this court said: "The effect of the plea of guilty, generally speaking, is a record admission of whatever is well charged in an indictment, but if the latter be insufficient, either from a standpoint of failing to confer jurisdiction or to set forth facts sufficient to constitute a public offense, the plea of guilty confesses nothing. . . . A plea of guilty amounts to nothing more than an acknowledgment of the facts charged in the indictment, but whether such facts constitute an offense at law is left open to be decided by the court."

Here the unrefuted affidavit of the appellant, together with the concessions of the respondent, indicate that the appellant could not have been found guilty of a violation of Reno Municipal Code, section 11.12.070(a)(8).

Although the appellant may have originally concluded that it was to his advantage to plead guilty and begin to serve whatever sentence might be imposed rather than remain incarcerated awaiting trial, he cannot continue to be held where there is no evidence that an offense has been committed. Cf. North Carolina v. Alford, 400 U.S. 25 (1970).

Here there was a primary duty upon the municipal court to apprise the accused of his privilege against compulsory self-incrimination which is guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth Amendment (Malloy v. Hogan, 378 U.S. 1 (1963)), and the right to confront one's accusers (Pointer v. Texas, 380 U.S. 400 (1965)), and to require an affirmative showing that the plea was intelligently and voluntarily made before accepting it (Boykin v. Alabama, 395 U.S. 238 (1968)). Because we are not dealing with a court of record we do not know whether the municipal judge discharged his duty, but the affidavit of the appellant together with the respondent's concession that Reno Municipal Code section 11.12.070(a)(8) was not violated,

indicate that the appellant is being illegally imprisoned and restrained of his liberty. It is the order of this court that he be released from custody forthwith. See Ex parte Dickson, supra; see also Maes v. Sheriff, 86 Nev. 317, 468 P.2d 332 (1970).