STATE OF CONNECTICUT *v.* DANIEL HARRIS, JR.

Decided September 25, 1958

*Daniel Harris, Jr.,* the defendant, pro se.

*Albert S. Bill,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty, was found guilty by a jury of the charge of robbery with violence. On June 4, 1957, he was sentenced to state prison for a period of not less than seven nor more than ten years.

On December 21, 1956, one Eldorth Stockman entered a bar and struck up a conversation with one named Francis William Dyer, and told him that he, Stockman, would like to meet a girl. Leaving the premises, they went to another bar where they met the defendant, who offered to procure a girl for Stockman. The three men then left the bar and drove to a house. As the men were entering the building, the defendant and Dyer assaulted Stockman, knocking him to the ground, and removed from his pockets the sum of $35 in cash and a check for $103.50. The check was subsequently cashed at a service station. Upon apprehension, the defendant was identified by witnesses. Also, Dyer, after being identified, confessed the crime and implicated the defendant. The state's attorney recommended five to fifteen years. Defense counsel urged leniency, based on the mentality of the defendant.

The sentencing court had the following prior criminal record of the defendant:

July 8, 1942—Durham, N.C.—store breaking and larceny—twelve months.

In Hartford as follows:

July 14, 1943—breach of peace—judgment suspended.

July 22, 1943—breach of peace—nolled.

August 12, 1943—robbery with violence, three counts—bound over to the Superior Court.

September 22, 1943—robbery with violence, two counts—committed to Connecticut reformatory on the first count; no sentence on the second count; defendant says he served twenty-five months and was paroled.

November 10, 1945—possession of stolen goods, nolled; violation of parole—returned to Connecticut reformatory.

April 7, 1949—theft—five counts—bound over to Superior Court; sentenced on June 8, 1949, to ten months in jail on theft, and second count of theft nolled.

May 22, 1950—breach of peace—fined and fifteen days jail, execution suspended.

June 5, 1950 — solicitation and prostitution changed to breach of peace—fined.

June 17, 1950—assault and battery—thirty days in jail.

April 24, 1951—breach of peace—fined and thirty days jail—execution suspended.

June 2, 1951—evading responsibility—fined; operating a motor vehicle without a license—fined.

July 18, 1951—robbery with violence and carrying concealed weapon—bound over to Superior Court and on October 19, 1951, sentenced to state prison for three to five years on the robbery with violence charge and one to three years on the unlawful carrying of a weapon, sentences concurrent; the defendant served his full time, being discharged in December, 1955, he says.

January 11, 1956—breach of peace—six months jail.

June 15, 1956—breach of peace—fined and thirty days jail—execution suspended; resisting an officer —nolled.

July 6, 1956—breach of peace—fined.

The defendant requests that the minimum term of his sentence be reduced in order to accelerate the time when he may apply for a parole, stating that his imprisonment has brought about a change of attitude in him for various reasons stated. The request of the defendant for a shortening of the minimum term of his sentence for the sole purpose of providing an earlier opportunity to go before the board of parole addresses itself to powers of clemency and considerations of mercy, and would predicate any modification of the sentence upon the exercise by us of discretionary powers of clemency. Changes in sentences made on such a basis would permit the granting of modifications to some persons and not to others as matter of favor in the discretion of the Division, which would be subversive of objectives of the review procedure, which strives to achieve more rational sentences and greater equality of treatment between offenders. The fact that a genuine betterment in character and attitudes may have occurred since his confinement, a fact not for our decision, however, would be deserving of commendation. But considerations of clemency and postprison reformation are matters within the scope of other agencies connected with the correctional system of our state, to which such circumstances may more properly be addressed.

In all events, in view of the gravity of the type of crime here involved, the criminal behavior characteristics of the defendant, and the need of protecting the public from such crimes, involving personal violence or the threat of it, the trial court was reasonably warranted in imposing the sentence men-

tioned, which is a proper and appropriate one, and which is not inconsistent with other substantially equivalent cases. The sentence is affirmed.

Thim and Pastore, Js., participated in this decision.