STATE OF CONNECTICUT *v.* ALEXANDER GONSKI

Decided October 17, 1958

*Alexander Gonski,* the defendant, pro se.

*Albert S. Bill,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty, after a jury trial was found guilty upon all ten counts of an information filed against him. On May 29, 1947, the Superior Court sentenced him as follows:

Upon the seventh count, charging assault with intent to murder, not less than twenty nor more than twenty-five years, the sentence to begin at the expiration of any sentence the defendant had yet to serve.

Upon the third count, charging assault with intent to murder, ten years.

Upon the second count, charging robbery with violence, ten years.

Upon the first count, charging attempted robbery with violence, five years.

Upon the fifth count, charging attempted robbery with violence, five years.

Upon the sixth count, charging attempted robbery with violence, ten years.

Upon the fourth count, charging breaking and entering with violence, ten years.

Upon the ninth count, charging breaking and entering with violence, ten years.

Upon the tenth count, charging breaking and entering, four years.

Upon the eleventh count, charging possession of burglars' tools, five years.

The eighth count did not involve this defendant.

The effective sentence of the above was a term of not less than twenty nor more than ninety-four years, beginning at the expiration of any sentence the defendant had yet to serve as of May 29, 1947.

On May 6, 1957, the board of pardons reduced the minimum term from twenty to fifteen years. It is believed that the defendant would be eligible to apply for parole in May of 1959 and that his full time, less time off for good behavior, would be up in the year 2018.

The defendant with his eleven codefendants comprised one gang which, in varying combinations, committed holdups, burglaries, and safe jobs from February, 1946, to November 26, 1946, in the Hartford area. The defendant was involved in at least

ten of the crimes, beginning about July 21, 1946, and extending through November, 1946. On September 20, 1946, in Manchester, the defendant and three other men attempted a robbery with violence. The defendant, accompanied by two of the men, all armed, fired seven bullets from an automatic pistol, four of which hit the owner of a house which they were attempting to hold up. The gun was afterwards melted in the furnace of a New Britain laundry. In another attempted robbery with violence on July 21, 1946, in New Britain, the defendant fired several shots at the victim while he lay on the ground after having been struck down and his wrist broken while attempting to put up a fight. None of the shots struck the victim.

The state's attorney described the group as, without question, the worst gang of gunmen presented in that court in many years. Their activities had the earmarks of the professional. At all times, one or more of those participating were equipped with guns. When necessary, an elaborate set of tools was employed. When safes were provided with tear gas, masks were used. The various disguises employed included nylon stocking masks and wigs. Gloves were worn when needed and guns were frequently exchanged through the medium of a gun dealer. The number of offenses ranged all the way from one to twenty-eight per person. The defendant was involved in no less than ten transactions and was represented to the court by the state's attorney as being the bad man of the whole group. The gang had terrorized the Hartford area for most of the year 1946.

The defendant had the following prior criminal record when presented for sentence:

August 22, 1933—New Britain—theft—committed to Connecticut reformatory, execution suspended and placed on probation.

January 22, 1934—New Britain—drunkenness—probation.

March 13, 1935—New Britain—burglary and assault—bound over to Superior Court and on April 10, 1935, sentenced on two counts of burglary to the Connecticut reformatory.

March 10, 1937—New Britain—robbery with violence and taking a motor vehicle without permission —bound over to the Superior Court and on April 13, 1937, both said charges were nolled.

September 13, 1937—New Britain—taking a motor vehicle without permission—bound over to the Superior Court and on October 14, 1937, found not guilty.

November 22, 1937—New Britain—attempted burglary—bound over to the Superior Court and on January 11, 1938, said charge was nolled.

February 19, 1938—Hartford—robbery with violence—bound over to the Superior Court. On April 27, 1938, on the charge of robbery with violence, sentenced to the state prison for not less than seven nor more than ten years, and on a charge of theft of motor vehicle, two years.

September 24, 1946—Plainville—violation of rules of the road—fined.

October 7, 1946—New Britain—violation of parole —parole continued.

December 19, 1946—Bloomfield—breaking and entering and theft—Superior Court bench warrant issued, leading to the present convictions.

The defendant contends his sentences are unduly severe. Defendant urges that his effective minimum term is higher than any imposed on his codefendants. This fact alone does not establish it as

excessive nor inequitable. The trial court did have a proper objective in fixing a high maximum, however. The defendant, who had a serious and significant prior criminal record, had participated in the more serious of the crimes of this gang; he had a special interest in guns and ammunition, having at one time attempted to purchase a machine gun; he had shot and wounded one person during an attempted robbery with violence, and fired at another victim while lying on the ground during another such crime; he had shown himself to be ruthless in his disregard for life and was considered to be the ringleader. In the trial court, the state's attorney recommended a minimum of twenty years and a maximum term sufficiently high "so that if he does serve the minimum, he will be under the jurisdiction of the Parole Board for the rest of his natural life," for the protection of society. The trial court appropriately adopted this recommendation. In view of the defendant's age when sentenced, however, this objective could reasonably have been achieved by the imposition of a shorter effective maximum sentence, without the possibility of destroying all hope of redemption.

Our conclusion is that the aggregate effective maximum term of the sentences under review should be lessened. In doing this, we also modify the minimum term of the sentence on the seventh count, but solely for the purpose of effectuating, at the same time, the reduction made by the board of pardons of this minimum term to fifteen years from the minimum of twenty years originally imposed by the court.

Accordingly, the above case is hereby ordered remanded to the Superior Court with direction to modify the sentences imposed on May 29, 1947, by ordering imprisonment in the state prison as follows:

Upon the seventh count, charging assault with intent to murder, not less than fifteen nor more than twenty-five years, the sentence to begin at the expiration of any sentence the defendant had yet to serve on May 29, 1947.

Upon the third count, charging assault with intent to murder, ten years.

Upon the second count, charging robbery with violence, ten years.

Upon the first count, charging attempted robbery with violence, not less than three nor more than five years.

Upon the fifth count, charging attempted robbery with violence, not less than three nor more than five years.

Upon the sixth count, charging attempted robbery with violence, not less than three nor more than ten years.

Upon the fourth count, charging breaking and entering with violence, not less than seven nor more than ten years.

Upon the ninth count, charging breaking and entering, with violence, not less than seven nor more than ten years.

Upon the tenth count, charging breaking and entering, not less than two nor more than four years.

Upon the eleventh count, charging possession of burglars' tools, not less than three nor more than five years.

The sentences on the first, fifth, sixth, fourth, ninth, tenth and eleventh counts are to run concurrently with the sentences on the seventh, third and second counts.

Said sentences foregoing are imposed as of May 29, 1947, and are to commence as of the expiration of any sentence the defendant had yet to serve on May 29, 1947. It is intended that the result of the foregoing action is an aggregate effective sentence of imprisonment in the state prison for not less than fifteen nor more than forty-five years, commencing as aforesaid.

Ryan and Pastore, Js., participated in this decision.