STATE OF CONNECTICUT *v.* JAMES MONACO

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 15, 1967

*Arnold M. Potash,* of New Haven, for the defendant.

*David B. Salzman,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, eighteen years of age, pleaded guilty to theft of a motor vehicle, breaking and entering with criminal intent, and seven counts of larceny of goods valued at more than $15 and was sentenced to an indefinite term in the Connecticut reformatory on each count to run concurrently. The maximum sentence for theft of a motor vehicle is fifteen years. General Statutes § 53-57. The maximum sentence for the type of theft charged is a fine of $200 or imprisonment of not more than six months or both. General Statutes § 53-63.

The defendant stole a motor vehicle from the parking lot of the West Haven School. The vehicle was found with the parts stripped off and hidden in the woods. The defendant, with others, some of whom were juveniles, broke into the school and took acetylene equipment, which they used to strip down the vehicle. The defendant at various times in July of 1966 stole from parked motor vehicles parts and equipment such as ignition wiring, part of a radio, a battery, a tachometer, chrome parts, a flashlight and a raincoat.

The presentence report states: "Throughout his teen-age years and at the present time he is associated with other delinquent youths of West Haven." It further states: "He was brought to the attention of the law authorities as a juvenile and was referred to Juvenile Court on three separate occasions. For

the last of these referrals he was placed on official juvenile probation, and said probation was terminated when he reached his sixteenth birthday. As an adult he was arrested for carrying a dangerous weapon and theft of hubcaps. He was placed on probation as a result of these offenses, and the instant offense occurred during this probation period." The report concludes that his "failure to benefit from his past involvement and supervision in the community would seem to indicate a need for controlled supervision."

The sentencing court noted that the defendant's family had had no control over him and said in effect that controlled supervision for this defendant must be more than just being put on probation. We agree that the reformatory is the proper place for the defendant.

Defendant's counsel concedes that the sentence was not too harsh but says that the defendant has improved. This Division may only consider matters which were before the sentencing court. Evidence of reform after commitment is outside the scope of this Division's consideration. General Statutes § 51-196; *State* v. *Harris,* 21 Conn. Sup. 448, 451.

For the above cited reasons, the sentence imposed is fair and should stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.