STATE OF CONNECTICUT *v.* JOHN M. HAYDEN, JR.

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 15, 1967

*James N. Egan,* of Hartford, for the defendant.

*John F. Kearns, Jr.,* assistant prosecuting attorney, for the state.

BY THE DIVISION. The defendant, twenty-one years of age, pleaded guilty to breaking and entering with criminal intent and larceny of goods not exceeding $15, and was sentenced to the Connecticut reformatory for an indefinite term on each count, to run concurrently. The maximum sentence for breaking and entering with criminal intent is four years. General Statutes § 53-76. The maximum sentence for larceny of goods not exceeding $15 in value is a fine of not more than $25 or imprisonment not more than thirty days or both. General Statutes § 53-63.

The defendant, with two others, broke into the Avon Professional Building. When he was appre-

hended, he had in his possession rolls of stamps, some loose change and a diagram of the area and buildings on a paper napkin. Inside the building, the desk drawers were open and the contents were strewn around, and there was a note signed "the riddler." The defendant told the presentence investigation officer that he was drunk and broke into the building to find a report as to whether a girl he claimed "was trying to hook him" was pregnant.

The defendant received an undesirable discharge from the navy in 1965. This same year he was arrested on three separate occasions for breach of the peace, each time resulting in a dismissal or a nolle. During the year 1965, he was convicted of the crime of larceny of goods not exceeding $250 and also of the offense of operating a motor vehicle while his license was under suspension. On August 31, 1966, he was again convicted of operating a motor vehicle while his license was under suspension and received a three-month suspended sentence with probation for one year. He was on probation when he was last convicted.

The defendant entered the military service in 1962 while he was a high school student. His employment record is unstable. He was fired once for not being able to do his work and once for falsifying his job application. The presentence report states: "His criminal record is extensive for a youth his age, and it appears that he is not concerned about it. Probation would have no meaning for him." He told the probation officer that he did not want probation and would rather do time. The codefendants received jail terms, to be subsequently suspended with probation, but this in itself does not make the sentence of the defendant excessive or inequitable. *State* v. *Gonski*, 21 Conn. Sup. 468, 471.

In view of the defendant's background and attitude, a reformatory sentence for an indefinite term is not unreasonable or too harsh. The effective commitment by the trial court was for not more than two years, with a basic minimum of nine months on good behavior.

In reviewing the record, it would appear that the defendant was born on February 9, 1945. He was sentenced on October 28, 1966, when he was presumably over twenty-one years of age. Commitments to the reformatory seem to be limited to male persons "between the ages of sixteen and twenty-one years." General Statutes §§ 17-389, 17-391; see *United States ex rel. Rizzio* v. *Kenney,* 50 F.2d 418, 419. This, however, is a matter that was not raised before the Division by counsel, and it is unnecessary to find facts and to interpret the statutes to determine whether this Division has jurisdiction to modify a sentence for such a reason to comply with the law under the circumstances. See General Statutes § 51-196.

The sentence must stand.

PALMER, HEALEY and BARBER, Js., participated in this decision.