[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Bernard F. Joy, Esq., Defense Counsel, for Petitioner
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
Petitioner was charged with the crime of Manslaughter in the first degree in violation of Conn. Gen. Stat. 53a-55. After trial by jury, he was convicted of the crime of Manslaughter in the second degree in violation of Conn. Gen. Stat. 53a-56 and a sentence of ten years execution suspended after six with five years probation was imposed.
The conviction in this matter was based upon evidence which indicated that in April 1987 an unchaperoned party involving approximately one hundred young people was held in Woodbury. A participant left the party in his truck tearing up the lawn in so doing. The victim was a passenger in the truck. The crowd got angry and began throwing beer cans, rocks and bottles at the truck. The truck returned after a short while and the driver exited the vehicle leaving the victim in his seat. Petitioner obtained a baseball bat and was observed beside the door of the vehicle with the bat over his head in a striking motion. The victim died as a result of injuries to his head consistent with being struck the bat.
Petitioner has denied striking the victim. There was, however, other circumstantial evidence indicating guilt and the jury did find petitioner guilty as indicated.
The principal claim advanced by petitioner is that the sentencing procedure used here was legally flawed.
The presentence investigation report submitted to the judge before the imposition of sentence contained an addendum which purported to summarize petitioner's juvenile record. The summary indicated that when defendant was fourteen years old, he threatened an older boy with a meat cleaver. The underlying charge was Breach of the Peace. The juvenile disposition was a non-judicial warning.
The transcript reveals that the sentencing judge indicated that the addendum, containing information about petitioner's juvenile record, had a significant impact on him and the sentence he was about to impose. The addendum suggested to the judge that petitioner had it in his character to resort to violent conduct.
At the time sentence was imposed, petitioner was twenty years of age. At the hearing on the petition, it was his claim that the inclusion of his juvenile record in the presentence investigation report was in violation of the law as expressed in Conn. Gen. Stat.46b-124. This claim was raised before the appellate court which CT Page 755 declined review. State v. Callahan, 21 Conn. App. 654, 661 (1990).
A claim of prejudice resulting from a presentence investigation report is not a matter which this division can concern itself with in view of its limited function of determining whether a particular sentence was unduly harsh and severe. State v. Meleqavich,25 Conn. Sup. 3, 4 (1963). The objective of the review procedure is to achieve more rational sentences and greater equality between offenders. State v. Harris, 21 Conn. Sup. 448, 451 (1958).
Considering the gravity of the crime with which defendant has been convicted and the effect on the victim's family as well as the necessity to deter others from the commission of such offenses, it cannot be found that the sentence imposed was disproportionate, excessive or inappropriate.
Sentence affirmed.
PURTILL, J. QUINN, J. KLACZAK, J.
Purtill, J., Quinn, J., and Klaczak, J. participated in this decision.