[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford. Docket #53458;
Michael Dodson, Esq., Defense Counsel, for Petitioner
Joan Alexander, Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of the crimes of Murder in violation of General Statutes 53a-54a(a); Conspiracy to Commit Murder in violation of General Statutes53a-48, 53a-54a(a) and Assault in the First Degree in violation of General Statutes 53a-59(a). A sentence of sixty years was imposed on the first count and sentences of twenty years were imposed on the second and third counts. These sentences were concurrent to each other but consecutive to the first count for a total effective sentence of eighty years.
Evidence at trial indicated that petitioner, in the company of another, fired an automatic weapon at one Barrington Solomon inflicting serious multiple wounds. An elderly black male by CT Page 4471 the name of Thomas Dixon happened to be with Solomon at the time. This person also received several gunshot wounds resulting in his death. The motive for the attack was revenge against Solomon.
Counsel for the petitioner argued that the sentence imposed was unfair. He pointed out that the co-defendant, tried for the same crimes, before another judge and jury, received a sentence of fifty years. He pointed out that although his client had a criminal record, the co-defendant's record was worse and that there was nothing to indicate that petitioner was more culpable than the co-defendant. The attorney also mentioned that the Pre-sentence Investigation recommended that petitioner receive the same sentence as the co-defendant.
Petitioner stated that his conviction was based upon perjured testimony and that he was an innocent man.
The state's attorney argued that the sentence was fair and should stand. At the time of sentencing, a sentence of eighty years was recommended to the judge.
At the time of sentencing, the judge was under obligation to impose a just sentence on an individual with marginal attainment and a criminal record which included an assault conviction and a violation of probation. The judge, who heard the evidence at trial, found that petitioner was the driving force behind the attempted assassination of Mr. Solomon. The judge also found that a reconnaissance was conducted just prior to the shooting. The attack itself, which took place in a residential area with automatic weapons, resulted in serious wounds to the intended victim and death to an unfortunate by-stander. The method of attack indicated to the court a careless disregard for the integrity of other human beings.
The court found that evidence of guilt was overwhelming and that petitioner's alibi defense lacked substantial candor.
Under all of the circumstances surrounding the sentencing of petitioner, including the seriousness of the crimes, the effect on both victims, the minimal likelihood of rehabilitation and the need to protect the public, it cannot be found that maximum consecutive sentences for murder and assault in the first degree were inappropriate.
We are mindful of the disparity between the sentence imposed on the co-defendant and petitioner. We are also mindful that one of the purposes of the review procedure is to achieve more rational sentences and greater equality of treatment between offenders. State v. Harris, 21 Conn. Sup. 448, 451
CT Page 4472 (1958). The fact that the sentence imposed on petitioner is more severe than that imposed on the co-defendant, however, does not establish it as excessive or inequitable. State v. Gonski,21 Conn. Sup. 468, 471-472 (1958).
While this division concerns itself with disparity between sentences, we are not persuaded that the lower sentence should necessarily be the basis for adjustment. The sentence imposed in the matter now before us was fair and just under the circumstances. We are not acquainted with all of the factors considered in imposing sentence on the co-defendant.
The sentence is affirmed.
Purtill, J., Klaczak, J., and Norko, J., participated in this decision.