[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence February 21, 1995 Date of Application February 21, 1995 Date Application Filed February 21, 1995 Date of Decision June 27, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Ansonia/Milford.
John R. Williams, Esq., Defense Counsel, for Petitioner.
Mary M. Galvin, Esq., State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of murder, in violation of Connecticut General Statutes § 53-54a and conspiracy to commit murder, in violation of § 53a-54a and § 53a-48. As a result of such conviction, petitioner received a sentence of sixty years for the murder conviction and a concurrent sentence of twenty years on the conspiracy charge. CT Page 8656 The total effective sentence was sixty years.
The facts underlying petitioner's conviction indicate that, while married to the victim, he had been carrying on an affair with Diane D'Onofrio. Petitioner and the victim were experiencing marital discord, and on January 28, 1992, petitioner sought to resolve this problem by killing his wife. He began to strangle the victim but had difficulty in causing her death. Petitioner telephoned Ms. D'Onofrio informing her that he was in the process of killing his wife and requesting her to come to his home to assist. Upon arrival at petitioner's home, Ms. D'Onofrio observed the victim lying motionlessly on the bed. She also saw petitioner get on top of the victim and strangle her with an extension cord. Eventually, petitioner was successful and the victim expired. Ms. D'Onofrio was then requested to take custody of petitioner's infant son who had been sleeping down the hall while petitioner transported his wife's body to a soccer field where he dumped it face down.
Petitioner's attorney argued for a reduction in sentence. He agreed that the crime was a great tragedy, but that petitioner had not committed the murder. The attorney argued that the sentence imposed was disproportionate and excessive in view of petitioner's prior productive life and lack of criminal involvement. He argued that the sentence imposed on the co-defendant, Ms. D'Onofrio, emphasized the excessive nature of the sentence. On a charge of conspiracy to commit murder, she was sentenced to ten years with the execution suspended after four years. Petitioner had an unblemished prior record and was active in the community and enjoyed the support of a number of people who informed the sentencing judge of their high regard for petitioner.
Considering all of these factors, petitioner's attorney argued that the sentence was disproportionate, excessive and should be reduced.
The State's attorney argued against any reduction in sentence. She argued that the sentence was fair under the circumstances, noting that the probation officer who prepared the presentence investigation had recommended the maximum sentence. She also noted the judge's comments made at the time of sentencing that petitioner had killed his wife and the mother of his child in the home with the child present. The CT Page 8657 State's attorney directed the Division's attention to the comment of the sentencing judge in which he said, "I cannot, in any way, find a more cold-hearted circumstance in many of the cases of murder than I have dealt with over a career of some twenty-five or thirty years in this particular business."
The State's attorney pointed out the difference between petitioner's situation and that of Ms. D'Onofrio. She stated that prosecution would have been impossible without D'Onofrio's cooperation. The State's attorney again urged the Division not to reduce the sentence.
Petitioner was convicted of one most serious offenses under our penal code. He stands convicted of killing his wife under the most brutal circumstances and dumping her body in an open field. He took great steps to cover up his crime and brought his paramour into the crime principally to attempt to cover up the offense. The sentence was imposed by an experienced judge who had an opportunity throughout the trial to observe petitioner at close hand.
The fact that petitioner received a higher sentence than his co-defendant did not make his sentence excessive or inequitable. State v. Gonski, 21 Conn. Sup. 468 (1958). The co-defendant's participation was of an entirely different nature than that of petitioner who killed his wife with his own hands.
Considering the nature of the offense, and the character of petitioner, as well as the other factors set forth in Connecticut Practice Book § 942, it cannot be found that the sentence imposed was inappropriate or disproportionate. The sentence should not be modified.
Sentence affirmed.
Purtill, J.
Norko, J.
Stanley, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision. CT Page 8658